HARRIET R. HOLMES, *et al.*,

*vs.*

BENJAMIN F. CAMPBELL.

*Held :* That it is too late to first raise in this court an objection on account of any mere error in practice.

That on a motion for judgment on account of the insufficiency of the complaint, the court will not declare the pleading fatally defective if it can be sustained by the most liberal construction.

It is a rule that nothing shall be intended to be out of the jurisdiction of a superior court but that which specifically appears to be so; it is for the party alleging want of jurisdiction to show it.

The plaintiff alleged that he caused execution to be issued out of, and under the seal of the Supreme Court to the sheriff of the county in which the real estate sold on the execution was situate, "who duly, and in accordance with the provisions of the statute sold the said real estate," &c.

The defendant by failing to answer, having admitted the truth of this allegation, raises in this court the objection that it does not appear that the judgment on which the execution was issued, was docketed in the proper county. *Held :* that with the admission of said allegation, it will be presumed that all the preliminary steps were taken that were necessary to make the sale valid.

An order of this court permitting a party to amend a pleading need not, as a matter of course, be served on the opposite party.

In a civil action, whatever may be the nature of the rights involved or remedies sought, the district court may in furtherance of justice allow an amendment correcting a mistake in any respect, or inserting other allegations material to the case, and relating to the subject matter of the suit.

The district court has the right to permit a plaintiff who prays for pecuniary damages, when from the facts alleged he is only entitled to equitable relief, (the execution of a trust,) to amend his complaint so as to pray for and obtain the relief to which the facts show him entitled.

This is an appeal from an order of the district court for

Hennepin county, granting the relief demanded in the complaint, on motion, after failure to answer. A sufficient statement of the case will be found in the opinion of the court.

CHATFIELD & IRWIN, for Appellant.

JOHN H. BROWN, for Respondent.

*By the Court*—WILSON, CH. J. In 1864, the plaintiffs commenced an action against the defendant alleging as a ground thereof, that one Luther M. Brown and the defendant were, in 1859, jointly the owners (assignees) of a judgment, for the sum of $2260.20, duly rendered and entered in this court in favor of one Alfred Green, and against one Henry H. Williams. That thereafter in said year, the defendant caused execution to be issued out of this court on said judgment, to the sheriff of the county of Scott, who thereafter in said year levied upon and seized the real estate of said Williams in said county, and sold it at public auction on said execution to the defendant, who was the highest bidder, for the sum of $2090. That no part of the purchase money has been paid by the defendant to either the sheriff or said Brown, or the plaintiffs. That on the 12th day of February, 1863, none of said real estate so sold to defendant having been redeemed, the Sheriff executed and delivered to him a deed of conveyance thereof, and that the defendant is still the owner.

That on the 8th of June, 1863, said Brown, for a valuable consideration, sold and assigned to the plaintiff, Harriet R. Holmes, who is the wife of Thomas A. Holmes, all his right, title and interest in and to said judgment, and to the moneys collected or to be collected thereon. That the plaintiffs demanded payment of one-half of the purchase money of the

defendant, but that he has not paid the same or any part thereof, and that the real estate is of the value of $3500.

The plaintiffs demanded judgment against the defendant for the sum of $1875, and interest.   To the complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action.

The district court sustained the demurrer, and on appeal, this court held that the defendant purchased and held the land for the joint benefit of the assignees of the judgment, and that " the defendant therefore was not liable for money had and received," adding, " the demurrer was properly sustained, but as the plaintiff desires to amend his complaint, he may have the privilege.   Let the order appealed from be so far modified as to permit the plaintiff to serve an amended complaint within twenty days after notice of this decision."

The plaintiffs afterwards in pursuance of the leave granted by this court, caused a copy of an amended complaint to be served on defendant's attorney, in which after setting up the facts alleged in the complaint in the original action, and the relative proportions of the purchase money paid by the assignees of said judgment on the purchase thereof, and that the plaintiffs had demanded of the defendant a conveyance to them of their proper share or proportion of said land, they asked judgment, that the defendant convey to them their proper share of said lands received by him under the sheriff's deed, or that the property be sold (if it cannot be divided without injury to the interest of the parties)] and that the plaintiffs receive their proper proportion of the proceeds of the sale.

This amended complaint was returned by the defendants who specified in writing the following grounds therefor, viz:

1.   "Because the said complaint is, in both form and substance, a departure from the original complaint in this action,

and by which a remedy was sought different from, and inconsistent with that sought by the said amended complaint.

2. Because the said amended complaint is not in the same action with the original complaint, but is itself an original complaint seeking a remedy *in rem*, and not like the original, a remedy *in personam*.

3. Because the said amended complaint is not consistent with the summons in the action.

The summons notified the defendants that the plaintiffs would, upon default, take judgment for a sum certain, while the said amended complaint does not demand any such, or like judgment, but instead thereof, demands relief *in rem*. The summons is an action at law, while the said amended complaint is an action in equity.

4. Because the amended complaint is made and served without leave, no order for leave to amend having been served on me."

Whereupon, after the time for answering said amended complaint had expired, the plaintiffs on affidavit setting forth the facts, and on notice to defendant's attorney, made a motion in the district court of Hennepin county for the relief demanded in the complaint. The court on the hearing of said motion, held and decided as follows :

" The defendant upon the argument applies for leave to answer, and save cost and delay of another application. I think, from an examination of the past record of the case, such leave may properly be allowed here, and therefore upon the motion papers, and after hearing counsel for the respective parties hereto, it is ordered that the motion of the plaintiffs be granted, unless the defendant within five (5) days after notice hereof, serve an answer to the said amended complaint for which leave is hereby given."

It is in this court too late to raise an objection on account

of any mere error or informalities in practice which do not go to the sufficiency of the complaint or the jurisdiction of the court. Such errors a defendant can waive, and must be presumed to have done so, having appeared and made no objection on that account in the court below. It would be unfairness to counsel, and inferior courts, injustice to litigants and an injury to the cause of justice, to permit such errors to be first pointed out here as a ground of reversal. We will therefore only examine the alleged errors specified as ground for returning the amended complaint, and the additional alleged error urged that the complaint does not state facts sufficient to constitute a cause of action. For if the complaint was improperly returned, it was a matter of discretion in the court below to permit the defendant to answer after the time for answering had expired, which cannot be reviewed or controlled by this court, no abuse of the discretion being alleged.

If the complaint does not state facts sufficient to constitute a cause of action, that objection may be urged at any stage of the proceedings, but it will not reach indefiniteness or uncertainty, or any errors not substantial in their nature and necessarily fatal. After judgment, or a verdict or an order for judgment as in this case, and when objection has not sooner been made to the complaint, every reasonable intendment is in its favor. Indeed, on a motion for judgment on account of the insufficiency of the complaint at any stage of the case, the court will not declare the pleading fatally defective if it can be sustained by the most liberal construction. In the amended complaint it is alleged, that on the 10th of December, 1858, "a judgment was duly rendered, affirmed and entered in the Supreme Court of the State of Minnesota, in favor of Alfred Green, against one Henry H. Williams," &c. The defects in the complaint urged by the defendant are

that "it does not show that the Court had jurisdiction of the parties or subject of the action in which the judgment is alleged to have been rendered in 1858, and that it does not allege that the judgment was ever docketed in Scott County or elsewhere." It is the rule—which disposes of the first objection—that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so. If there was a want of jurisdiction it was for the defendant to show it. *Peacock vs. Bell & Kendall, Samuels R.* 745; *Foot vs. Stevens,* 17 *Wendell's R.* 483; *Hart vs. Seixas,* 21 *Wendell,* 46; *Wheeler vs. Raymond,* 8 *Cowen,* 314; *Bloom vs. Burdick,* 1 *Hill's R.* 139; *Hatcher vs. Rocheleau,* 18 *N. Y. R.* 86. The General Statutes are inapplicable to this case, it having been commenced and tried before they took effect.

The defendant by failing to answer admits the allegation of the complaint, that "the defendant caused execution to be issued out of, and under the seal of said Supreme Court upon said judgment, and caused the same to be directed and delivered to the Sheriff of said County of Scott, who thereafter on the 22d of June, levied upon and seized the real estate of said Henry H. Williams, situate in the said County of Scott, and *duly in accordance with the provisions of the Statute* in such case made and provided, on the 6th day of August, A. D. 1859, sold the said real estate, &c.

With these admissions it will be presumed that all the preliminary steps were taken that were necessary to make the sale valid.

It was not necessary for the plaintiffs to serve upon the defendant a copy of the order granting them leave to amend; neither our statute nor the order required it.

The other objections of the defendant may be considered together. They all go to the single point that a court has

Holmes, et al. v. Campbell.

not authority to permit a suitor who prays for pecuniary damages, when from the facts alleged he is only entitled to equitable relief, to correct his complaint so as to pray for and obtain the relief to which the facts show him entitled.

In this case the plaintiffs asked for damages in money, and this Court held that the facts showed them only entitled to their proper share of the land held in trust by the defendant, and that they should have prayed for an execution of the trust, and accordingly granted them leave to amend their complaint.

The defendant's counsel argues that "the equitable jurisdiction of the courts of this State is just as separate and distinct from the legal jurisdiction of the same as if each jurisdiction was vested in a separate court, and a case cannot by amendment be transferred from one jurisdiction to another."

We do not assent to this view. The term jurisdiction, when confined to the judicial department of the government, means the legal authority to administer justice. Our statute confers the authority to administer justice in all civil cases, whether heretofore termed legal or equitable, on the same person, the same officer and by the same pleadings, process and proceedings.

It expressly abolishes the distinction between actions at law and suits in equity, and authorizes but one form of action for the enforcement or protection of *any* private rights or for the redress of *any* private wrongs.

In the same complaint legal and equitable causes of action, and in the same answer legal and equitable defences may be set up; and to a complaint strictly legal a defence purely equitable may be interposed. Now if our statute is a valid law, the equitable jurisdiction of the court is certainly not separate and distinct from the legal. Its language is very plain on this point.

Heretofore, certain rights have been protected and redress-

ed in courts of law, and certain other rights have been protected and redressed in courts of equity. Until within a comparatively recent date a court of equity has been distinct from a court of law, and it still is in many States.

But whether this should continue to be the law is a question for the legislative department and not for a judicial tribunal.

It is certainly competent for the legislature to declare that the [rights of parties, whether termed legal or equitable, or both, growing out of a certain state of facts may be adjudicated in one action and by the same tribunal.

The defendant's counsel has referred to *Secs. 2 and 5 of Art.* 6 of our State Constitution, as in conflict with this view. The parts of these sections relied on read as follows:

"*Sec. 2.* The Supreme Court * * * shall have original jurisdiction in such remedial cases as may be prescribed by law, and appellate jurisdiction *in all cases* both in law and equity."

"*Sec. 5.* The District Courts shall have original jurisdiction in all civil cases, *both in law and equity,*" &c.

By these sections of our Constitution it was intended only to confer jurisdiction upon the courts, and not to prescribe the mode of exercising the power. Law and equity are referred to only as sources of jurisdiction. But we think the position cannot be sustained by either reason or authority, that, because in a constitution or statute conferring jurisdiction, law and equity are referred to as sources of jurisdiction, that therefore the jurisdiction thus conferred must be separately exercised. The Constitution (of 1846) of New York, provides that "there shall be a Supreme Court having general jurisdiction in law and equity. * * * The testimony in equity cases shall be taken in like manner as in cases at law."

The Court of Appeals of that State in commenting on these

constitutional provisions, says: "The argument based upon these provisions is, that distinct jurisdiction at law and in equity are recognized, and that this recognition imposes upon the power of the legislature the restriction to preserve distinct methods of enforcing legal and equitable rights. "

The language of the provision does not as it seems to me, either directly or by implication lead to the result contended for. The supreme original civil jurisdiction at law was under the preceding constitution, in the Supreme Court; the equitable jurisdiction was in the Court of Chancery.

The new constitution conferred the whole jurisdiction upon a single court. The subject to be acted upon was the vesting of judicial authority, not the regulating of judicial procedure. The judicial authority has existed in two distinct branches, and both are named with the purpose of conferring both on the new Supreme Court. The fifth section of the same article likewise shows that the "legislature were to possess the power," &c. *Phillips vs. Gorham*, 17 *N. Y.*, 272; *Giles vs. Lyon*, 4 *Comstock*, 600–602. So far as unrestricted by the State Constitution, or that of the United States, the legislature has power to regulate the form and course of judicial proceedings, but out of abundant caution it is expressly provided in our State constitution that "legal pleadings and proceedings in the courts of this State, shall be under the direction of the legislature." Except on the ground of repugnancy to the constitution, State or federal, the judiciary has no right to exercise any power over legislative acts. If it was admitted that there is a natural and necessary impropriety in attempting to determine the legal and equitable rights of parties in the same action, the courts are without power to afford a remedy for the evil. But it cannot be admitted that this difficulty is so radical and insurmountable as is claimed. It is true, that unless courts of law are granted

the power to adapt the form of their judgments to the various rights of the parties, to ascertain the truth by a discovery of fact by the oath of the party charged, to call in parties concerned in interest, and to adjust and settle the rights of all concerned, to grant specific relief and to issue preventive process, there are many cases in which parties would be without a remedy in those courts, or in which the remedy would be wholly inadequate to the attainment of justice. But if the organization and character of those courts are so changed as to invest them in form and in fact with the forms of a court of equity, then they can administer equitable relief. To say that they could not, is to take the ground that a judge invested with the same powers and authorized to proceed according to the same forms, cannot grant the same relief when called a common law judge, that he could when called a chancellor.

Our statute has made the necessary change and conferred the necessary power for this purpose, and the distinctive appellation of courts of law or courts of equity, is no longer properly applicable to our courts. *See Gates vs. Lyon*, 4 *Comstock*, 602. Our statute has abolished the *formal* distinction between proceedings at law and proceedings in equity, and the " civil action " which it provides as a substitute for both systems, blends and combines the principles peculiar to each. In such action it is declared that the court may at any time in furtherance of justice and on such terms as may be proper, *amend any pleading or proceeding*, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, *or a mistake in any other respect, or by inserting other allegations material to the case.*

The case under consideration comes within the letter and spirit of this statute. The amendment does not change the

Holmes, et al. v. Campbell.

action from one class to another, for there is but one form or class known to our law ; it cannot transfer the case from one jurisdiction to another, there being but one jurisdiction for the trial of all actions of a civil nature.

Undoubtedly one powerful reason for the change of system was to get rid of the technical difficulties which the defendant insists still exist, and which stood so much in the way of substantial justice and the prompt administration of the law.

When a party's legal and equitable rights were adjudicated in distinct and separate tribunals, as a matter of course if he appealed to the wrong tribunal his action failed, and he had to commence anew in the proper one. But with the change of our judicial system the reason for the rule and the rule itself ceased to exist. *See Getty vs. Hudson River R. R. Co.,* 6 *How. Pr. R.,* 269.

In any civil action, whatever may be the nature of the rights involved or remedies sought, the court may in furtherance of justice allow an amendment by correcting a mistake in any respect, or by inserting other allegations material to the case and relating to the subject matter of the suit. The only limitation upon the right to allow such amendment is, that it shall be in furtherance of justice.

That the amendment allowed in this case was in furtherance of justice, is too plain to admit of discussion. To turn the plaintiffs out of court, without finally disposing of their cause, must be an injury to them, and also to the public, for it is not a meaningless maxim that it is for the interest of the Republic that there should be an end of litigation, and such course could only benefit the defendant on the hypothesis that his interests would be subserved by a postponement of justice.

The case of *Bennett vs. Butterworth,* 11 *How. U. S. R.,* 669, is not an authority for the defendant's position.

The remark relied on is but an unguarded expression or

dictum of the very learned Judge, who delivered the opinion of the court in that case. The questions passed upon in that case have no bearing on this. See also *McCollum vs. Eager*, 2 *How. U. S. R.*, 61.

The order appealed from in this case is affirmed.