## W. B. SMITH v. PHILIP B. HUNT COMPANY.[1]

### July 10, 1903.

### Nos. 13,535—(183).

**Contract of Employment.**

 A contract of employment, whereby the plaintiff was to serve the defendant as its traveling salesman, construed, and *held* that the contingencies therein named, upon which the plaintiff was guarantied a stipulated sum for his services for the first year, never occurred, and that he cannot recover on the guaranty.

Action in the district court for Hennepin county to recover $10,-637.34 and interest upon a written contract of employment. The case was tried before Pond, J., and a jury, which rendered a verdict in favor of plaintiff for $372.91. From an order denying a motion for judgment in favor of plaintiff for $2,637.34, notwithstanding the verdict, or for a new trial, plaintiff appealed. · Affirmed.

*C. D. & Thos. D. O'Brien,* for appellant.

*Snyder & Gale,* for respondent.

START, C. J.

· On November 2, 1900, the parties hereto entered into a written contract whereby the plaintiff was to serve the defendant as its traveling salesman for the period of five years, and was to receive as compensation for his services a commission of twenty-five per cent. on all sales of the defendant's baking powder made by him; he to pay his own expenses. The contract was in the form of a written offer by the defendant to employ the plaintiff on the terms therein stated, and his written ac-

[1]Reported in 95 N. W. 907.

ceptance.thereof. The offer so accepted contained a reservation and guaranty by the defendant in these words:

> "Owing, however, to unforeseen conditions that might arise, such as the winding up or disposition of our business, we should want to reserve the right in that event, to discontinue the arrangement after thirty days' notice to you; should we send you such notification previous to Oct. 2nd, 1901, we should expect to make up to you the equivalent of $300 per month from date, provided your commissions fell short of that amount. This guaranty, however, holds good only in the event of our discontinuing the arrangement within a year from date, and will not hold good should you discontinue the arrangement. We are to have thirty days' notice from you in case you discontinue the arrangement."

The plaintiff entered into the employ of the defendant, pursuant to this contract, on the day it was made. On October 3, 1901, and not before, the defendant notified the plaintiff of its intention to discontinue and terminate the contract upon November 15, 1901, and it was terminated by the defendant on that day. The plaintiff brought this action to recover damages for a breach of the contract. In the first cause of action alleged in his complaint, he claimed damages in the sum of $2,637.34; being the difference between his commissions for the year and the $300 per month for his first year's services contingently guarantied to him by the defendant. The second cause of action was for a breach of the contract and general damages.

On the trial and at the close of the evidence the trial court refused the request of the plaintiff to instruct the jury to the effect that the plaintiff was entitled to recover on his first cause of action the difference between the admitted amount received by him as commissions for the first year's services and $300 per month for the year. This was refused, the trial court ruling that the plaintiff was not entitled to recover on his first cause of action. The court, however, held that the defendant, without right or justification, terminated the contract at the time stated, and submitted to the jury the question of plaintiff's damages for such breach. A verdict was returned in his favor for $372.91, and he appealed from an order denying his motion for judg-

ment for the admitted difference ($2,637.34) between $300 per month for the first year and the amount of his commissions for the same time. The question of the appealability of the order is not urged, and we dispose of the appeal on its merits.

The sole question to be decided is whether the plaintiff, upon the facts we have stated, was entitled to recover anything on the contingent guaranty contained in the contract, and made the basis of the first alleged cause of action. This depends on the construction of the contract, which, although somewhat informally drawn, is clear in its terms. The guaranty relied on by the plaintiff was not absolute, for it was only in the event that the defendant notified the plaintiff previous to October 2, 1901, of its purpose to discontinue the contract as therein provided, and the actual discontinuance of the contract within a year from its date. This may have been an inequitable and unwise contract for the plaintiff to make. But we cannot make a new contract for the parties, by a forced construction of the one actually made by them, even if it be inequitable. That the notice was not given prior to October 2, 1901, is an admitted fact, and no claim is or can be made that the guaranty became operative by reason of the notice having been given after the time limited.

But plaintiff claims that "the effect of the termination of the con tract of service by defendant's notice of October 3 was a termination of the contract within the year, substantially according to its terms, and which, upon its occurrence by the act of the defendant, entitled plaintiff to the difference between the commissions he had earned and the sum of $300 per month. This is based upon the view that such is the true construction of the contract, and that the parties had in mind the compensation of $300 a month for the first year of the contract, provided the defendant saw fit to terminate it within that time." The mere reading of the contract answers the claim, for the thirty-days notice of the termination of the contract, and its actual termination within the year, are essentially different matters. To hold that the service of the notice within the year was an actual termination of the contract within the year would be to ignore this distinction and the unambiguous terms of the contract. There is no escape from the conclusion that the notice was not given prior to

October 2, nor was the contract terminated within the year. Therefore we hold that the plaintiff was not legally entitled to recover anything on his first alleged cause of action.

Order affirmed.