FRED J. KUSKE v. FRANZ JEVNE AND ANOTHER.[1]

June 1, 1928.

No. 26,675.

**Plaintiff not entitled to recover upon guaranty described herein.**

1. A guaranty given to a bank to stand back of loans made through the guarantors, to take over any loan that does not pay out, to pay to the bank all loans where foreclosures *have been made,* and take over any sheriff's certificate that *has ripened into title, held* not to entitle plaintiff, a third party, who some two years thereafter purchased a loan from the bank, which loan was made a year and a half after the guaranty was given and purchased by plaintiff without knowledge of any guaranty, to recover thereon after having foreclosed and bid in the mortgaged land for the full amount of the loan and received title thereto.

**Guaranty described below not absolute but one requiring acceptance by the bank.**

2(a)  A guaranty made to the bank subsequent to the purchase of the loan by plaintiff, whereby the guarantors agreed to take up the indebtedness and reimburse the bank or its client for the money invested in any loan, and interest and costs, in case of foreclosure of the mortgage securing such loan, on or before 30 days after expiration of the time for redemption from such foreclosure, in consideration of the bank's acceptance from time to time of loans thereafter to be procured for the bank by the guarantors, and in consideration of commissions to be earned by guarantors on such loans, *held* not an absolute or unconditional guaranty, but one requiring acceptance by the bank.

**Guaranty did not go into effect if the bank failed before acceptance of it.**

(b)  The guaranty was made at a place distant from the location of the bank and without any request from the bank.  The bank failed and

[1]Reported in 219 N. W. 766.

closed within two days after the date of the guaranty. *Held* that if the bank failed before it received and accepted the guaranty, or acted thereon, it did not go into effect.

**Questions of fact for the jury.**

3. The questions whether the guaranty was received and accepted or acted upon by the bank before it failed and whether there was an entire lack or failure of consideration were questions of fact for the jury.

**Plaintiff could recover on bank's guaranty if it became effective and was supported by valid consideration.**

4. The bank had guaranteed the payment of the loan sold to plaintiff, and there was such obligation owing by the bank to him that he could sue upon the guaranty and recover thereon, if the guaranty became effective and was sustained by a valid consideration.

Guaranty, 28 C. J. p. 898 n. 38; p. 899 n. 39, 47; p. 900 n. 55; p. 943 n. 35; p. 947 n. 82; p. 949 n. 93; p. 1033 n. 7, 14.

See note in 16 L.R.A.(N.S.) 353; 33 L.R.A.(N.S.) 960; 48 L.R.A.(N.S.) 198; 12 R. C. L. 1068; 4 R. C. L. Supp. 783; 5 R. C. L. 673; 7 R. C. L. Supp. 403.

Action in the district court for Koochiching county to recover of defendants, agents of the Merchants State Bank of Red Lake Falls in procuring real estate loans, upon their guaranty of a mortgage loan so procured and assigned by the bank to the plaintiff. The court directed a verdict for the defendants, and plaintiff appealed from an order, Hughes, J. denying his alternative motion for judgment or a new trial. Reversed.

*Manahan, Hoogesteger & Manahan,* for appellant.

*W. V. Kane, Leonard Blomholm* and *Frank Palmer,* for respondents.

OLSEN, C.

Plaintiff appeals from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

Defendants, doing business at International Falls, Minnesota, were agents for the Merchants State Bank of Red Lake Falls, Minnesota, for procuring real estate loans for the bank, and continued as

such up to the time the bank closed on or about February 3, 1923. They procured written applications for such loans and forwarded them to the bank for approval. They had no authority to approve the loans or bind the bank therefor where the loan exceeded $1,000. As compensation for their services they received a share of the interest on the loan if and when collected.

In July, 1921, defendants obtained an application for a loan of $1,600 from Herman Zoesch and Jerry Pinkerton, to run for five years and to be secured by a real estate mortgage on 193 acres of land in Koochiching county, this state. The bank accepted the loan and mortgage. On March 22, 1922, the bank sold and assigned the note and mortgage of this loan to plaintiff and guaranteed payment on the note. There was default in payment of the interest, and on September 20, 1923, plaintiff foreclosed and bid in the land for the full amount of the mortgage, interest and costs, amounting to $1,841.25. No redemption was made and plaintiff became and is the owner of the land. Plaintiff seeks to recover the amount invested by him in the note and mortgage and the interest and costs of foreclosure, with interest from the date of foreclosure sale, and offers to convey the land to defendants on payment of said sum of $1,841.25 and interest. He bases his right of recovery upon the written guaranties or agreements set out in his complaint and attached thereto as exhibits A, D, and E.

1. Exhibit E attached to the complaint, known as exhibit 10 in the evidence, is a letter from defendants to the bank dated February 20, 1920, not referring in any way to this particular loan, which had not then been made, stating that defendants will agree thereafter to make no loans over $1,000 without first submitting application and getting the bank's "allowance." The letter contains the further statement that, "we will personally stand behind every loan made through us and that we will take over any and every loan that does not pay out." There are other letters in evidence, written in 1919, referred to as exhibits 15, 16, 17 and 18, not specified in the complaint, making substantially similar statements to the bank, one letter stating: "I have already stated to Mr. Duffy [the president

of the bank] but will repeat it now, that we are ready to pay *him* on all loans where foreclosures *have been made* and we will make that a rule if he wishes;" and another letter stating: "We are ready to take over every sheriff's certificate that *has ripened into title.*" The evidence does not show that any rule, as offered, was agreed to or desired by the bank.

It seems quite apparent that these letters, written some two years before the loan in question was made, had reference to foreclosures and sheriff's certificates then pending and did not amount to a contract to take over sheriff's certificates on future loans. And the agreement or guaranty to "stand behind" the loans and to take over any loan that does not pay out would not sustain a recovery of the amount of the loan after the security had been foreclosed and the property bid in for the full amount. Such sale satisfied the debt. Berthold v. Holman, 12 Minn. 221 (335), 93 Am. D. 233; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Olson v. Nannestad, 162 Minn. 412, 203 N. W. 59. A guaranty of payment of the debt therefore would not avail the plaintiff. He does not seek to recover either the debt or the loss, if any; and there are no allegations in the complaint as to the value of the land or the amount of loss or damage. The plaintiff, at the time he purchased this mortgage from the bank, had no knowledge of any guaranty or agreement made by these defendants to the bank. The holding of the trial court, that at the time the plaintiff purchased this mortgage the bank held no guaranty or agreement from these defendants which obligated them to take over this land and pay plaintiff the amount of his investment after he had foreclosed and bid in the land for the full amount of the mortgage with interest and costs, and that no such guaranty or agreement passed to the plaintiff by the transfer of the note and mortgage to him by the bank, was correct.

2. On February 1, 1923, defendants made, at International Falls, a so-called guaranty agreement with the bank. Whether this reached the bank before it was closed and taken over by the commissioner of banks on February 3, 1923, is uncertain. Two copies of this

instrument are in evidence, one a photostatic copy of the original, and the other apparently a typewritten copy thereof, with a few words added at the end. The slight difference between the two is not here material. The instrument is headed "Guaranty Agreement." It provides in substance that defendants, Jevne & Norton, "in accordance with our previous agreement, which has existed for a number of years last past, and in consideration of the acceptance from us of farm loans from time to time," and in consideration of commissions received and to be received on loans already made and loans thereafter to be made by the bank through defendants, agree, jointly and severally, that they will guarantee *to the bank* the payment of any and all loans theretofore or thereafter so made, and that in case of default upon any such loans, and in all cases of foreclosure of mortgages securing such loans, they will take up the indebtedness and reimburse the bank "and (or)" its client for the money invested and all accrued interest, taxes, and other lawful expenses, and that they will so reimburse the bank "and (or)" its client, as the case may be, on or before 30 days after the date of expiration of time for redemption after foreclosure sale in each instance, whether it be upon a mortgage loan theretofore or thereafter so placed. It is further expressly agreed that the guaranty shall be binding as to any such mortgage loan accepted from defendants by the bank during the ensuing ten years.

If any recovery is had by the plaintiff it must be based on this agreement, the special agreement contained in this instrument to repay the amount invested, with interest and costs, after foreclosure sale. No prior guaranty or agreement is shown which would entitle plaintiff to recover the amount bid by him at foreclosure sale under his mortgage, or entitle him to any recovery after bidding in the mortgaged land for the full amount of the mortgage, and after the expiration of the time to redeem. The guaranty is given in consideration of the acceptance by the Merchants State Bank of farm loans from defendants from time to time, and in consideration of the commissions received and to be received upon loans theretofore accepted and upon loans thereafter accepted by the bank from defendants. It expressly provides that the guaranty shall continue

for the ensuing ten years. It is quite clear that the undertaking is based upon the continuance for the future of the business and agency relation existing between the defendants and the bank. So far as it relates to commissions on loans theretofore made, defendants had fully earned and were legally entitled to such commissions, and they furnished no present consideration for the agreement. The basis of the obligation is that the bank shall continue to accept loans applied for by the defendants from time to time and thus enable them to continue to earn commissions thereon. That was a proposal which the bank was free to accept or reject. It was therefore not an absolute or unconditional guaranty and required acceptance by the bank. Formal notice of acceptance might not be necessary. If the bank, while a going concern, received and assented to or acted upon the guaranty, that would be sufficient. Acceptance need not be express but may be inferred from the facts and circumstances of the case, as where the guaranty is received and acted upon by the party to whom it is given.

It has been held that where a valuable present consideration is acknowledged in the guaranty, that is a sufficient assent thereto. That holding is based on the assumption that one paying a present consideration knows what he is buying or receiving and assents thereto. This guaranty does not recite such present consideration. The acceptance must be upon the same terms contained in the offer and include performance of the conditions stated therein. It is essential to a contract of guaranty, as in the case of other contracts, that the minds of the parties meet in the same sense on the same proposition, that there is mutual assent to the same terms. 12 R. C. L. 1068; 28 C. J. 898, 899. It cannot be assumed or inferred that these defendants would have given this guaranty to the bank after the bank failed and closed, or with knowledge of the fact that the bank was about to go into liquidation. When the bank closed it became disabled from accepting further loans offered by defendants, and defendants could no longer earn any commissions. The consideration for the guaranty then failed. The burden of proof was with the plaintiff to prove acceptance by the bank. Where

a particular consideration or condition is specified in the guaranty and fails, there can be no recovery. Smith v. Philip B. Hunt Co. 90 Minn. 255, 95 N. W. 907; Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489, 24 L. R. A. 113; Walker v. Tucker, 70 Ill. 527.

3. The court directed a verdict for defendants. The question whether the guaranty was received and accepted by the bank before it closed, whether the guaranty ever became effective, and the question whether any valuable consideration therefor was given, were questions of fact. There is no direct evidence that the bank received or acted upon the guaranty before it closed. The first that appears is that an officer of the bank had the guaranty, or a copy thereof, in his hands about a month later, and that the instrument was then in the possession of the banking department, the receiver of the bank. Certain inferences or presumptions of fact might aid the plaintiff but would not be conclusive. Other circumstances— the distance intervening between the bank and the place where the guaranty was executed, the short time intervening between the date of the guaranty and the closing of the bank, the absence of any direct evidence as to delivery or acceptance—might justify different inferences. The conclusion reached is that these questions should have been submitted to the jury.

4. As already noted, the bank had guaranteed payment of the mortgage debt. There was therefore an obligation owing by the bank to the plaintiff, and plaintiff could sue on the guaranty, as made for his benefit, if it ever became effective. Gaffney v. Sederberg, 114 Minn. 319, 131 N. W. 333; Wood v. Johnson, 117 Minn. 267, 135 N. W. 746; Clark v. Clark, 164 Minn. 201, 204 N. W. 936. Being one of the clients of the bank, no formal assignment of the guaranty to him was necessary. But plaintiff is in no better or worse position than the bank. He had no knowledge of the making of the guaranty and gave no consideration therefor. If the guaranty never became operative as to the bank, or fails for want of consideration as to the bank, plaintiff is in no better position.

Order reversed and a new trial granted.