# TOWN OF BURNSVILLE AND OTHERS v. CITY OF BLOOMINGTON AND OTHERS.

115 N. W. (2d) 923.

May 4, 1962—No. 38,665.

*John G. Pidgeon,* for appellant.

*Grannis & Grannis,* for respondents.

*Donald E. Nelson* and *Armin M. Johnson,* for Northern States Power Company, amicus curiae.

THOMAS GALLAGHER, JUSTICE.

Action by the town of Burnsville in Dakota County; the members of its town board; and Helen Drangstveit, a resident therein and also owner of real property and a taxpayer in defendant city of Bloomington, against the city of Bloomington, and its mayor; and certain officials and the commissioners of Dakota County, wherein plaintiffs challenge the validity of defendants' annexation of certain lands in the town of Burnsville and seek an injunction permanently enjoining such annexation.

Attached to the complaint was plaintiffs' notice of motion for an order directing defendants to show cause why a temporary restraining order should not be made enjoining them from performing any further acts to carry out or enforce the annexation. On September 6, 1961, the district court issued its order directing defendants to show cause before it on September 15, 1961, why plaintiffs' motion should not be granted. Therein, it further ordered that, upon filing of a corporate surety bond in the sum of $250 by plaintiffs, defendants be restrained from doing any act to carry out or enforce the annexation, pending further order of the court. The bond was furnished and filed by plaintiffs.

The lands which the defendant city claims have been annexed by virtue of Bloomington City Ordinance No. 39 consist of 159 unplatted acres in Burnsville solely owned by Northern States Power Company, a Minnesota corporation. Prior to the present action, that company had petitioned for their annexation by defendant city pursuant to Minn. St. 414.03.[1] Its generating station is the only occupant of the prem-

---

[1] Minn. St. 414.03, subd. 2, provides in part as follows: "Territory abutting on any municipality and not included in any other municipality may be annexed to the municipality without an order of the commission in the manner provided in this subdivision:

\* \* \* \* \*

"If the land is platted or, if unplatted, does not exceed 200 acres, the owner or a majority of the owners in number may petition the governing body of the municipality to have such land included within the municipality. If the governing body determines that the annexation will be to the best interests of the municipality and of the territory affected, it may by

ises. No residents occupy any portion of it. The Minnesota River flows between the city and Burnsville, and the lands described border on the river.

The complaint alleged that the action of defendant city in enacting Ordinance No. 39, pursuant to § 414.03, approving the petition of Northern States Power Company for annexation of the described lands and further declaring that said lands be annexed to defendant city, was so unreasonable, arbitrary, and oppressive as to be of no effect; that the description of the lands in such ordinance and in the annexation petition was so uncertain and indefinite as to render such instruments void; that the lands described do not abut defendant city as required by § 414.03 and hence Ordinance No. 39 is void and of no effect; that, since the Minnesota River flows between the lands described and the city's boundary, the State of Minnesota was required to consent to such annexation under § 414.03; that the actions of Northern States Power Company therein were ultra vires and void; and finally that § 414.03, under which the annexation proceedings were taken, is unconstitutional and void in that it specifies a different method for the annexation of 200-acre tracts than for other lands.

Attached to the complaint was a certified copy of the petition for annexation which set forth the legal description of the lands and included a map thereof. It affirmed that there were no residents on such lands and that no structures other than the generating plant occupied them; that the area was zoned for industrial use and had no water or sewage system and no adequate fire or police protection. It set forth that it would be to the best interests of the owner to have available the fire and police protection of defendant city. A census list executed and acknowledged by two individual census takers, designated by the city, was attached to the petition and indicated that there were no

---

ordinance declare such land annexed to the municipality, but if the petition is not signed by all the owners of the land proposed to be annexed, the ordinance shall not be passed until the governing body has held a hearing on the proposed annexation after at least 30 days posted notice.

"Any annexation provided for in this subdivision shall be deemed final upon filing a copy of the ordinance with the commission, the county auditor, and the secretary of state."

residents on the premises and that the only structures thereon were those of the generating plant of Northern States Power Company.

On September 15, 1961, counsel for plaintiffs and counsel for the defendant city and its mayor, hereafter referred to as defendants, appeared "in response to the Order to Show Cause." Defendants then moved that the court deny plaintiffs' motion for a temporary injunction; dissolve the restraining order issued September 6, 1961; and dismiss the action on the grounds that (1) "the proceedings instituted by the Plaintiffs * * * are not the proper proceedings in which to test the validity of the annexation which is the basis of plaintiffs' complaint"; (2) "plaintiffs are not the proper parties * * * to test the validity of the annexation"; and (3) "this Court is without jurisdiction to decree or enforce injunctive relief given or demanded." At this hearing the pleadings and exhibits attached to the complaint as above described were before the court. As yet no answer has been interposed by defendants.

On December 26, 1961, the trial court made the order from which the present appeal is taken. Therein, it set forth that plaintiffs and defendants had appeared by their respective counsel on September 15, 1961, for hearing on all of the motions above described, and that:

"* * * the court having heard oral arguments and reviewed the briefs submitted by both appearing parties, and having reviewed the entire file in said matter, grants the motion of the plaintiffs for a temporary injunction continuing, in effect, the restraining order dated September 6, 1961, and denies the prayer * * * of the appearing defendants * * * for a denial of said temporary injunction * * * dissolution of the restraining order dated September 6, 1961 and dismissal of the action."

On December 28, 1961, a note of issue was served and filed by plaintiffs and the court thereupon ordered the case set for hearing on January 12, 1962. On January 4, 1962, defendant city appealed to this court from the order of December 26, 1961, wherein the temporary injunction was issued, and defendants' motion to dissolve the previous temporary restraining order and to dismiss the action were denied.

On January 26, 1962, plaintiffs moved to dismiss this appeal on

the ground that the order of December 26, 1961, was not appealable. As indicated above, defendants' motion was made on the ground, among others, that the court lacked jurisdiction in the principal action; and accordingly, lacked jurisdiction to grant a temporary injunction or any other remedy therein.

■ Minn. St. 605.09 specifies the cases in which an appeal may be taken to this court. Paragraph (2) thereof provides that such appeal may be taken "[f]rom an order * * * which grants, refuses, dissolves, or refuses to dissolve, an injunction * * *." Under this section it is clear that an order granting or refusing to dissolve a temporary injunction is appealable, Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118; Bellows v. Ericson, 233 Minn. 320, 46 N. W. (2d) 654; although where such an order has been made ex parte the right to appeal therefrom has been denied upon the principle that this court will refrain from determining matters upon which the district court has not acted after the benefit of a full hearing. Fuller v. Schutz, *supra;* State ex rel. Norris v. District Court, 52 Minn. 283, 53 N. W. 1157; Schurmeier v. First Division St. Paul & Pac. R. Co. 12 Minn. 228 (351). But where the first order is nonappealable only because made ex parte, a subsequent hearing on a motion to dissolve it in which both sides appeared and presented arguments overcomes the objection described, so that an order denying the motion to dissolve gains an appealable status. McNamara v. Minnesota Cent. Ry. Co. 12 Minn. 269 (388); State ex rel. Norris v. District Court, *supra*; Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021; see, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 362.

In the instant case the record discloses that the order from which this appeal is taken continued in effect the temporary restraining order and at the same time denied defendants' motion to dissolve it. It was made after a full presentation of the issues, both by oral arguments and written briefs submitted by both parties. It also discloses that all documents and proceedings relative to the annexation, including the petition therefor; the statutory census required therein; the annexation ordinance (No. 39) of defendant city; and a plat of the annexed lands showing their legal description and exact location were before

the court at the time such order was made. Under such circumstances, it seems clear that the portion thereof which denied defendants' motion to dissolve the temporary restraining order and which continued the same in effect is appealable, and accordingly that plaintiffs' motion to dismiss the appeal therefrom must be denied.

■ However, nowhere in § 605.09 is it provided that an appeal may be taken from an order denying a motion to dismiss an action, and this court has uniformly adhered to the view that such an order is nonappealable. Independent School Dist. No. 84 v. Rittmiller, 235 Minn. 556, 51 N. W. (2d) 664; State v. Riebel, 166 Minn. 497, 207 N. W. 631; State v. Hansen, 183 Minn. 562, 237 N. W. 416. Based on the provisions of § 605.09, and the decisions cited, we conclude that that part of the order appealed from which denied defendants' motion to dismiss the action is not appealable; and that plaintiffs' motion to dismiss this portion of the appeal must be granted.

■ It follows that we will have for determination only such issues as relate to that part of the order granting the temporary injunction and denying defendants' motion to dissolve it. We have held that an order appealable in part and nonappealable in part presents for review here only issues relating to that part thereof which is appealable. Marty v. Nordby, 201 Minn. 469, 276 N. W. 739; Nash v. Kirschoff, 161 Minn. 409, 201 N. W. 617. Accordingly, the basic issue which will be presented for determination here in this appeal is whether the district court had jurisdiction to issue the temporary injunction. This in turn will be dependent upon whether it had jurisdiction to determine the validity of defendant city's annexation proceedings in an action for injunction relative thereto. Defendants strongly urge that only in quo warranto proceedings by the state may the validity of the organization of a municipal or public corporation be challenged; and that this rule applies to the annexation proceedings of a municipal corporation. State ex rel. Danielson v. Village of Mound, 234 Minn. 531, 48 N. W. (2d) 855; State ex rel. Burnquist v. Village of North Pole, 213 Minn. 297, 6 N. W. (2d) 458; Evens v. Anderson, 132 Minn. 59, 155 N. W. 1040; State ex rel. Childs v. Board of County Commrs. 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L. R. A. 745. On the other hand, plaintiffs

assert that at the present stage of the annexation proceedings the court did have jurisdiction to determine the validity thereof in the injunction action and hence jurisdiction to issue the restraining order. See, State ex rel. Childs v. Board of County Commrs. *supra.* Of course, at the hearing before this court counsel for both sides will be afforded the opportunity of presenting full arguments with reference to this issue.

Plaintiffs' motion to dismiss defendants' appeal from that part of the order which denied their motion to dismiss the action is granted. Plaintiffs' motion to dismiss defendants' appeal from that part of the order which denied their motion to dissolve the temporary restraining order and continued it in effect is denied.