COUNTY OF HENNEPIN, Respondent,

v.

DECATHLON ATHLETIC
CLUB, INC., Relator.

No. C5–96–1529.

Supreme Court of Minnesota.

March 6, 1997.

Larry D. Martin, Daniel W. Voss, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for Relator.

Marilyn J. Maloney, Assistant County Attorney, Office of Hennepin County Attorney, Minneapolis, for Respondent.

OPINION

PAGE, Justice.

Relator Decathlon Athletic Club, Inc. ("Decathlon") filed a petition under Minn.Stat. § 278.01 (1996),[1] disputing the January 2, 1993, estimated market value for taxes payable in 1994 on two parcels of property located in Hennepin County. Respondent Hennepin County ("County") moved for summary judgment[2] seeking dismissal of the petition, contending that the assessed market value of the two parcels had been agreed to as part of a multi-year settlement agreement between Decathlon and the County. The tax court granted the County summary judgment and dismissed the tax petition.

Decathlon now appeals the tax court's grant of summary judgment, raising five arguments: (1) the tax court erroneously granted summary judgment because no consideration existed for the settlement agreement; (2) the tax court erroneously granted summary judgment because the City Assessor did not have authority to enter into the settlement agreement on behalf of the County; (3) in the settlement agreement, Decathlon did not waive its right to appeal the 1993 market value set forth in the agreement; (4) the County breached the settlement agreement by posting a 1993 market value that was $20,000 higher than the parties had agreed upon, thereby precluding performance by Decathlon; and (5) the tax court abused its discretion by quashing Decathlon's subpoena and granting the County's protective order.

Because we conclude that there is no merit to any of the issues raised or arguments made by Decathlon, and because we conclude that there are no genuine issues of material fact and that the tax court properly applied the applicable law, we affirm.

Affirmed.

BLATZ, J., took no part in the consideration or decision of this case.

---

1. Minnesota Statutes section 278.01 states, in relevant part:

Any person having personal property, or any estate, right, title, or interest in or lien upon any parcel of land, who claims that such property has been partially, unfairly, or unequally assessed * * * or that the parcel has been assessed at a valuation greater than its real or actual value * * * may have the validity of the claim, defense, or objection determined by the district court of the county in which the tax is levied or by the tax court * * *.

2. The County initially filed a motion to dismiss, which the tax court denied. In this proceeding, the County attempts to appeal the denial of that motion; however, an order denying a motion to dismiss is not appealable because it simply retains the action for trial, does not involve the merits of the cause of action, and is not a final order. *See Hall v. Community Credit Co.*, 287 Minn. 241, 243, 178 N.W.2d 245, 246 (1970); *Town of Burnsville v. City of Bloomington*, 262 Minn. 455, 460, 115 N.W.2d 923, 927 (1962); *Independent Sch. Dist. No. 84 v. Rittmiller*, 235 Minn. 556, 557, 51 N.W.2d 664, 664 (1952).