### HARRY L. ALTMAN v. LEVINE AND TANZ, INC., AND OTHERS.

97 N. W. (2d) 460.

June 12, 1959—Nos. 37,584, 37,585.

*Harry L. Altman* and *Ralph S. Schneider,* for appellant.

*Maslon, Kaplan, Edelman, Joseph & Borman,* for Levine respondents.

*Dorsey, Owen, Scott, Barber & Marquart* and *Peter Dorsey,* for First National Bank.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court dismissing a garnishment and the main action, and denying plaintiff's motion to file a supplemental complaint against the garnishee as to certain defendants.

The plaintiff, Harry L. Altman, commenced the main action to recover $26,250 which he claimed was owing to him by the defendants for services rendered as an attorney between May 1956 and November 1957. The defendants Levine and Tanz, Inc., Frank Tanz, Justine Tanz, and Gloria Tanz Marver are herein referred to as the Tanz defendants. Defendants J. J. Levine, Helene K. Levine, Jay Julian Levine, Barbara Jean Levine, Helene K. Levine, as trustee for Jay Julian Levine and Barbara J. Levine, and Celeste Tanz Wolf are herein referred to as Levine defendants.

Altman delivered the summons and complaint in the main action to the sheriff for service on December 18, 1957. Subsequently, but on the same day, Altman served a garnishment summons on the First National Bank of Minneapolis, which he believed held funds due and owing to the above-named defendants. On the same day the sheriff's returns indicated that the Levine defendants could not be found in either Ramsey or Hennepin Counties. On December 20, 1957, Altman mailed a copy of the summons and complaint in the main action and the garnishment summons to the Levine defendants individually at their respective residences in California. Pursuant to Rule 4.04(2)(b) of Rules of Civil Procedure[1] he caused the summons in the main action to

___

[1]Rule 4.04 of Rules of Civil Procedure provides in part:

"The summons may be served by three weeks' published notice in any of the cases enumerated hereafter, when an affidavit of the plaintiff or

be published in a qualified paper for five successive weeks beginning Friday, December 27, 1957. On January 8, 1958, Altman filed the requisite affidavit for such service by publication indicating that he had acquired a lien upon property of the defendants within the State of Minnesota.

So far as pertinent to this appeal the Levine defendants specially appeared by answer served on January 7, 1958, and attacked the jurisdiction of the court. The Tanz defendants who were personally served within Minnesota answered and denied the allegations of the complaint in the main action. The garnishment disclosure of the First National Bank of Minneapolis indicated that there was nothing due and owing from them to any of the defendants.

Pursuant to M. S. A. 571.51,[2] Altman, subsequent to the disclosure,

---

his attorney shall have been filed with the court, stating the existence of one of such cases and that he believes the defendant is not a resident of the state, or cannot be found therein, and either that he has mailed a copy of the summons to the defendant at his place of residence or that such residence is not known to him. The complaint shall be filed with such affidavit. The service of the summons shall be deemed complete 21 days after the first publication. * * *

"Such service shall be sufficient to confer jurisdiction:

\* \* \* \* \*

"(2) When the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment, and

\* \* \* \* \*

"(b) The defendant is a nonresident individual, or a foreign corporation, partnership or association."

[2]M. S. A. 571.51 provides:

"* * * but in this, and in all other cases where the garnishee denies liability, the plaintiff may move the court at any time before the garnishee is discharged, on notice to both the defendant and the garnishee, for leave to file a supplemental complaint making the latter a party to the action, and setting forth the facts upon which he claims to charge him; and, if probable cause is shown, such motion shall be granted. The supplemental complaint shall be served upon both defendant and garnishee, either or both of whom may answer, and the plaintiff may reply. Such issues shall be brought to trial and tried as in other actions after judgment is rendered for plaintiff in the main action."

moved for leave to file a supplemental complaint in the garnishment proceeding and supported his motion by an affidavit indicating that he had probable cause to believe that the garnishee bank had erroneously and wrongfully denied liability. In order to be granted leave to file a supplemental complaint under this section it is necessary that the plaintiff make "some showing by evidence which fairly and reasonably tends to show the existence of the facts alleged." Gudbrandsen v. Pelto, 205 Minn. 607, 609, 287 N. W. 116, 117.

The trial court, in the memorandum incorporated into the order, found on the basis of the supporting and counteraffidavits that a genuine issue of fact remained relative to the garnishment liability and that Altman had submitted enough evidence to justify filing a supplemental complaint against the garnishee bank. Since the order of the trial court dismissed the main action and the garnishment proceeding with respect to the nonresident Levine defendants, Altman was allowed to file the supplemental complaint only with respect to the Tanz defendants who had been personally served within the State of Minnesota.

We are presented with the single controlling issue of whether jurisdiction over a nonresident by publication pursuant to Rule 4.04(2)(b) terminates upon a disclosure of nothing due and owing from the garnishee to the nonresident defendant where the plaintiff in the main action has been granted leave to file a supplemental complaint based on the finding of the trial court that a showing of probable cause had been made indicating that the garnishee may not have disclosed correctly.

The Levine defendants suggest that the motion to file a supplemental complaint should not have been granted even as to the Tanz defendants who were personally served. The trial court, in granting the motion as to the Tanz defendants, found that Altman had "submitted enough to justify his filing a supplemental complaint * * *." Pursuant to § 571.51, the motion is to be granted on a showing of "probable cause." We will not reverse the findings of the trial court unless they are manifestly contrary to the evidence and without reasonable evidentiary support. Inland Products Corp. v. Donovan Inc. 249 Minn. 387, 82 N. W. (2d) 691. From a review of the record it is apparent that neither situation exists here and the trial court's finding that Altman

had submitted enough to justify his filing a supplemental complaint will not be reversed.

The Levine defendants also contend that it was implicit in the trial court's memorandum and order that probable cause did not exist with respect to them. We do not believe this is correct and are of the opinion that the trial court's action in denying the motion to file a supplemental complaint as to the Levine defendants was based entirely on the assumption that the trial court lacked jurisdiction over these defendants. In other words, if probable cause was shown as to the Tanz defendants it was equally applicable to the Levine defendants if the court had jurisdiction. This is apparent where the court concluded it lacked jurisdiction over the Levine defendants because under Rule 4.04(2)(b) jurisdiction must be based on an adjudication that the garnishee was absolutely indebted to the defendant at the time the garnishment summons was served. It further took the position in its memorandum and order that leave to file a supplemental complaint is not such an adjudication as to provide jurisdiction over the nonresident Levine defendants because the issues raised by the supplemental complaint under § 571.51 cannot be determined until subsequent to acquiring a judgment in the main action, which in turn cannot be granted without jurisdiction. The dilemma presented by the foregoing is apparent.

The Levine defendants contend that the issue raised is controlled by Henderson v. Northwest Airlines, Inc. 231 Minn. 503, 43 N. W. (2d) 786. In that case we were presented with the issue of whether a garnishee could assert any and all setoffs or defenses which existed in his favor when the garnishment summons was served and which he might have enforced had an action been brought against him by the defendant. We held there that the garnishee could assert any and all such setoffs or defenses in order to prevent the possibility of placing the garnishee in a worse position than it would have been had it been sued directly by the defendant. In view of the fact that no relief was granted or application made to file a supplemental complaint in that case, the garnishee disclosure stood unchallenged and conclusive against the plaintiff and in light of the setoffs available the defendant in fact owed the garnishee. Therefore, there could not have been jurisdiction over the defendant based on a valid lien. The question of whether ju-

risdiction over a nonresident defendant is terminated even though probable cause is shown that the garnishee contrary to his disclosure may have been absolutely indebted to the defendant was not before the court.

A garnishment action is to be construed in favor of the garnishee in order that his rights as a neutral or unwilling litigant may be preserved. Henderson v. Northwest Airlines, Inc. *supra*. It is difficult to determine how the rights of a garnishee as a neutral or unwilling litigant would be impaired if the proceeding in the main action continued to judgment where the court has found probable cause that the garnishee was incorrect in his disclosure. In such event the judgment in the main action is only valid and enforceable to the extent that a lien is acquired on property of the defendants. First State Bank v. West, 185 Minn. 225, 240 N. W. 892; Wagner v. Farmers Co-op. Exch. Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279. If an adjudication of the issues raised by the supplemental complaint subsequent to the judgment reveals that in fact the garnishee was not absolutely indebted to the defendants, the judgment would be entirely inoperative, and, if the entry and execution of the judgment had not been made contingent upon a determination of the issues raised by the supplemental complaint, the judgment could be vacated pursuant to Rule 60.02. That rule provides that upon motion made within a reasonable time after the judgment, and upon such terms as are just, the court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment.

We therefore hold that where a party has served garnishment summons to attach funds purportedly due and owing to a nonresident defendant and the defendant was thereafter served by publication the court retains jurisdiction to try the main action even if the garnishee disclosed no funds due and owing to the defendant, provided that the plaintiff in the action has pursuant to § 571.51 been granted leave to file a supplemental complaint naming the garnishee as a party. Any judgment entered in the main action is subject to and limited by a determination of the issues raised by the supplemental complaint. To hold otherwise would allow a garnishee to defeat service by publication under Rule 4.04(2)(b) by simply electing to make a disclosure of no

funds due and owing or by asserting a setoff sufficient to eliminate the debt due the defendant.

Other contentions urged by the Levine defendants have been considered but do not warrant affirmance of the order under review.

The order with respect to the Levine defendants is reversed.