STATE EX REL. RALPH WESLEY CRIPPEN v. RALPH H. TAHASH.

124 N. W. (2d) 408.

November 8, 1963—No. 39,293.

*Ralph Wesley Crippen,* pro se, for petitioner.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

PER CURIAM.

By petition dated September 24, 1963, Ralph Wesley Crippen made application to this court "to appoint counsel to represent petitioner in a Habeas Corpus proceeding to be had in Washington County, State of Minnesota, wherein it will be alleged that petitioner's constitutional rights under the United States Constitution were violated in that the County Attorney of Steele County knowingly and unlawfully suppressed evidence favorable to your petitioner."

By order dated September 25, 1963, the application was denied upon the ground that the conviction of defendant upon his plea of guilty had been reviewed by this court in State ex rel. Crippen v. Rigg, 256 Minn. 41, 96 N. W. (2d) 875.

By communications made September 30 and October 16, 1963, Crippen requested that this court specify whether the order of September 25, 1963, was based on the principles of "res judicata," stating:

"I could proceed in Federal Court at this time, however, I feel that the Federal Court would contend that I had not exhausted my State remedies in that the State did not have an opportunity to determine the sufficiency of the allegations in the subsequent petition."

State ex rel. Crippen v. Rigg, *supra,* involved an appeal from an order of the District Court of Washington County denying petitioner's application for a writ of habeas corpus. In that proceeding the petitioner claimed: (1) That the trial court erred in permitting him to file an application for leave to plead guilty to a lesser crime than that covered by the indictment; (2) that petitioner was not aware nor apprised of the fact that in pleading guilty to second-degree murder the sentence of the court would be for life imprisonment; and (3) that the counsel employed by petitioner was inade-

quate and failed to protect his rights. The court examined "the petition, briefs, and entire record in this matter" (256 Minn. 48, 96 N. W. [2d] 879) and concluded that there was no merit whatever in the application.

We note that the claim made as a basis for applicant's request for the appointment of counsel is that there was a suppression of evidence on the part of the county attorney in the county where he was convicted. This claim was not involved in the earlier application for habeas corpus.

Under the circumstances, it cannot be said that our earlier decision constitutes res judicata in the present situation. In Sanders v. United States, 373 U. S. 1, 15, 83 S. Ct. 1068, 1077, 10 L. ed. (2d) 148, 161, consideration was given to the standards which must guide a *Federal* court in deciding whether to grant a hearing on a motion of a *Federal* prisoner under 28 USCA, § 2255. It was there said:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

If we are to adopt a rule comparable to that outlined in Sanders v. United States, *supra,* to be applied by *state* courts when considering an application for relief from a *state* prisoner, it is evident that the decision of this court in State ex rel. Crippen v. Rigg, *supra,* does not preclude consideration of the present application. It is our belief, however, that where an application for appointment of counsel is made upon the grounds of suppression of evidence by state authorities, the applicant should, under circumstances such as those here involved, support his application with a showing which would include, as a minimum, the following:

(1) The exact nature of the evidence claimed to have been suppressed by the state authorities.

(2) The basis of the applicant's assertion that such evidence was in existence and available at the time his plea of guilty was entered.

(3) The actions or conduct on the part of the state authorities which, according to the applicant, constituted a suppression or concealment of the evidence.

(4) Proof that knowledge of the evidence claimed to have been suppressed or concealed would have persuaded defendant to enter a plea of not guilty instead of pleading guilty as he did.

(5) Proof that the existence of the evidence claimed to have been suppressed would have been a significant factor in determining the guilt or

innocence of the defendant of the crime of which he was charged had the plea of guilty been withdrawn and the matter proceeded to trial.

In the absence of information of the kind outlined in the preceding paragraph, the application will be denied, and it may be considered that until such a showing is made, the state remedies presently available have been exhausted.

Application denied.