**Ann S. PHILLIPS, et al., Respondents,**

v.

**Kathleen A. DOLPHIN,
et al., Appellants.**

**No. A09–689.**

Court of Appeals of Minnesota.

Dec. 29, 2009.

Steven G. Potach, Minneapolis, MN, for respondents.

Wilbur F. Dorn, Jr., Dorn Law Firm, Ltd., Blaine, MN, for appellants.

Considered and decided by MINGE, Presiding Judge; SCHELLHAS, Judge; and HARTEN, Judge.*

## OPINION

MINGE, Judge.

On appeal from the confirmation of an arbitration award addressing the boundary

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

line between two parcels of registered (Torrens) property,[1] appellants argue that (1) the only way to alter the boundary lines of Torrens property is by the process described in Minn.Stat. § 508.671 (2008); and (2) the district court erred by confirming the arbitrator's factual findings and conclusions of law, which are not part of the narrow arbitrator's award. We reverse based on the first argument and do not reach the second argument.

## FACTS

This case arises from a property dispute over the boundary line between two parcels of Torrens property. Respondents hired the Harry S. Johnson Company, registered surveyors, to survey the boundary (the Johnson survey) and stake this line in preparation for certain repair work that respondents were conducting. After the survey was completed, appellants crossed the boundary line and destroyed the survey stakes. Respondents incurred an expense of $420 to reset the boundary-line stakes.

Respondents sued appellants for, among other things, statutory money damages resulting from the alleged trespass. Appellants counterclaimed, challenging the location of the boundary line, claiming that a fence that respondents had constructed encroached upon their property, and seeking its removal.

The parties agreed to submit the matter to binding arbitration. The arbitrator heard testimony from the parties and from three surveyors, visited the properties, and received exhibits. In a decision issued on August 6, 2008, the arbitrator made several factual findings and conclusions of law, including that (1) the Johnson survey identified the correct location of the boundary

line; (2) appellants trespassed onto respondents' property and deliberately destroyed the survey stakes; (3) respondents' fence was entirely on their side of the boundary line; and (4) respondents were entitled to treble damages of $1,260 for the trespass and destruction pursuant to Minn.Stat. § 548.05 (2008). The section of the arbitrator's decision labeled "Arbitrator's Award" was brief. It granted respondents damages for the trespass and destruction of property, dismissed all other claims and counterclaims with prejudice, and specified that each party pay its own attorney fees and costs.

On December 12, 2008, respondents moved to confirm the entirety of the arbitrator's decision and for entry of judgment upon the decision pursuant to Minn.Stat. §§ 572.18 and .21 (2008). Respondents specifically requested that the district court confirm the arbitrator's factual findings and conclusions of law about the location of the boundary line. Appellants resisted this motion. Appellants argued that (1) Minn.Stat. § 508.671 (2008) provides the exclusive procedure for establishing a boundary line because the parcels are Torrens property; and (2) the boundary-line determination should not be referenced in the district court's order and judgment because the determination was not part of the "Arbitrator's Award." Appellants also informed the district court that the $1,260 had been paid and that entry of a money judgment was inappropriate. Appellants proposed that the district court only confirm matters specified in the "Arbitrator's Award" section of the arbitrator's decision: namely, the dollar award, dismissal of claims and counterclaims, and refusal to grant attorney fees. The district court

---

1. The term "Torrens" is derived from the name of Sir Robert Torrens, a 19th century Australian who helped craft the system of registering land titles. *Black's Law Dictionary* 1625–26 (9th ed. 2009).

granted respondents' motion in all respects, confirming and awarding judgment on the entire arbitrator's decision. This appeal follows.

## ISSUE

Can an arbitrator determine the location of the boundary line between two Torrens properties?

## ANALYSIS

■ Matters related to Torrens properties are governed by Chapter 508 of the Minnesota Statutes (the Torrens Act). *In re Geis*, 576 N.W.2d 747, 749–50 (Minn. App.1998), *review denied* (Minn. May 28, 1998). Because the arbitrator's findings fixed the boundary line between two Torrens properties and the district court later reduced this determination to judgment, we must decide whether these actions conflict with the Torrens Act. This is a question of law, which this court reviews de novo. *Bondy v. Allen*, 635 N.W.2d 244, 249 (Minn.App.2001).

■ When the Torrens Act specifies the procedure necessary to take some action regarding registered land, parties and district courts must follow this procedure. *See In re Brainerd Nat'l Bank*, 383 N.W.2d 284, 286–87 (Minn.1986) (holding that the district court had no authority to vacate a decree of title of registered land for excusable neglect under Minn. R. Civ. P. 60.02, because rule 60.02 is inconsistent with certain provisions of the Torrens Act); *Park Elm Homeowner's Ass'n v. Mooney*, 398 N.W.2d 643, 646–47 (Minn. App.1987) (holding that the district court lacked authority to issue an order that adversely affected title to registered land

because the district court did not comply with the Torrens Act).

■ Generally alternative dispute resolution, including arbitration, is favored. *Lucas v. Am. Family Mut. Ins. Co.*, 403 N.W.2d 646, 647 (Minn.1987). The statutes establish a process for arbitration proceedings and enforcement of awards. Minn.Stat. §§ 572.08–.30 (2008). "In reviewing an arbitrator's decision, the arbitrator is the final judge of both law and fact, but this court's review of the determination of arbitrability is *de novo.*" *Indep. Sch. Dist. No. 88 v. Sch. Serv. Employees Union Local 284*, 503 N.W.2d 104, 106 (Minn.1993). An arbitration award "will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19." *AFSCME Council 96 v. Arrowhead Reg'l Corr. Bd.*, 356 N.W.2d 295, 299–300 (Minn.1984); *accord Hunter, Keith Indus. v. Piper Capital Mgmt. Inc.*, 575 N.W.2d 850, 854 (Minn.App.1998). "[T]he court shall vacate an [arbitration] award where: ... (3) The arbitrators exceeded their powers." Minn.Stat. § 572.19, subd. 1 (2008).

The heart of the dispute in this case is the propriety of the arbitrator determining the location of the boundary line between Torrens properties.[2] The procedure for judicially determining the boundary line of Torrens properties in a proceeding following registration is set forth in Minn.Stat. § 508.671: "Section 508.671 *shall* apply in a proceedings subsequent to establish a boundary ... for registered land." Minn. Stat. § 508.02 (emphasis added); *In re Hauge*, 766 N.W.2d 50, 57 (Minn.App. 2009); *see* Minn.Stat. § 645.44, subd. 16 (2008) (stating that "[s]hall is mandatory"). A proceeding under section 508.671 must follow several steps, including: (1) apply-

**2.** Because appellants do not contest the arbitrator's award of damages for their trespass and removal of the survey stakes and have

paid the respondents those damages, the damage award is not before us on appeal.

ing by a verified petition to have the district court determine the boundary lines in question; (2) filing the petition with the county recorder; (3) filing a certified copy of the petition with the registrar of titles if any adjoining lands are registered; (4) surveying the premises by a licensed surveyor; (5) filing the resulting survey that shows the correct location of the boundary lines; (6) referring the petition to the examiner of titles for examination and report to the district court; (7) providing notice to all interested parties; (8) fixing the boundaries and establishing judicial landmarks by court order; and (9) filing a copy of the final order with the registrar of titles by the court administrator.

■ It is undisputed that the arbitration proceeding did not follow several of the steps set forth in section 508.671. These steps are not inconsequential. The Torrens system is designed to conclusively establish matters of ownership. The title examiner participates in proceedings, and all interested parties, including mortgagees, are notified of proceedings and allowed to participate. This process ensures compliance with due process and statutory requirements. Once an arbitration award is confirmed by judgment of the district court, it is a matter of public record and may be filed with the county recorder. *See* Minn.Stat. § 508.48(a) (2008) (noting

that all instruments or proceedings affecting title to unregistered land may be recorded and will affect title). When so filed, the judgment is a part of the Torrens records. *Id.* As significant as our state's policies favoring arbitration may be, they do not automatically override other policies. In this case, the Torrens system embodies important policies and the operation of the Torrens system requires careful compliance with its procedures.

■ Because Minn.Stat. § 508.02 provides that the location of boundary lines is governed by section 508.671, the district court's confirmation of the arbitrator's determination of the boundary line effectively allows the arbitrator and parties to circumvent and frustrate the procedures set forth in the Torrens Act through arbitration. Based on Minnesota case law previously discussed, we conclude that the parties cannot use arbitration to accomplish this.[3] Thus, we reverse the district court's order to the extent that it confirms more than the portion of the arbitrator's decision entitled "Arbitrator's Award" and expressly accepts the arbitrator's determination of the boundary line.[4]

We recognize that the parties have addressed another issue-whether the district court erred in ordering judgment on the boundary-line location (as covered in the

3. Neither the parties nor the district court address the prohibition in the General Rules of Practice on the use of alternative-dispute-resolution mechanisms in proceedings for registration of land titles. Minn. R. Gen. Pract. 111.01(k), 114.01. We note both that the Torrens Act treats initial-title-registration proceedings and subsequent proceedings as different types of proceedings, and that the General Rules of Practice do not mention subsequent proceedings. *Id.* Here, the parties do not address the question of whether litigants may use arbitration or other alternative-dispute-resolution procedures in non-title-registration stages of Torrens disputes if the examiner of titles and district court consent.

Therefore, we do not resolve that question. We note, however, that to the extent that the relevant provisions of the Torrens Act are satisfied, this opinion should not be read to preclude the use of alternative-dispute-resolution procedures in non-title-registration Torrens disputes.

4. Even though the arbitrator's boundary-line decision does not affect the Torrens-system record, the arbitrator's decision may collaterally estop the parties personally in relitigating this dispute. The district court did not consider and the parties did not argue this question, and we do not reach it on appeal.

portion of the arbitrator's decision labeled "Findings of Fact") rather than limiting its enforcement action to that portion of the decision labeled "Arbitrator's Award." Because our decision on the first issue renders the second issue moot, we do not reach this issue.

## DECISION

■ Because the procedures established in Minnesota Statutes Chapter 508 govern resolution of title questions affecting Torrens land and because the alternative-dispute-resolution procedures here did not satisfy chapter 508, we reverse the district court's confirmation of the arbitrator's determination of the boundary line between the parcels of Torrens land involved in this dispute.

**Reversed.**