## ANNA T. MOWRY v. ABIGAIL DYER THOMPSON AND ANOTHER.[1]

August 4, 1933.

Nos. 29,355, 29,357.

[1]Reported in 250 N. W. 52.

480

George Beaverson, for appellants.

George T. Simpson, George C. Stiles, and F. J. Donahue, for respondent.

*HILTON, Justice.*

Two actions between the same parties and involving the same property. They will be discussed generally together. The first case (29,357) was tried before Judge Rue, the second (29,355) before Judge Waite, both being judges of the Hennepin county district court. In the first, plaintiff made a motion for additional findings of fact. This was denied. Defendants made a motion to strike out certain findings of fact, the substitution of other findings in their stead, and for a change in the conclusions of law. This motion was also denied. From a judgment entered in favor of defendants they appeal, claiming to be aggrieved by the action of the court. Having reached the conclusions hereinafter set forth, we do not stop to consider defendants' right to appeal from the judgment.

After the determination of the first action, plaintiff by deed of conveyance and by a bill of sale acquired all the right and interest of one C. W. Carter in and to the properties which were the subject matter of both actions. The second action was predicated upon the rights thus obtained. Defendants interposed an answer. Plaintiff's motion for an order striking it out as sham, frivolous, redundant, irrelevant, and immaterial, and for judgment on the pleadings was granted, and judgment ordered for plaintiff. Defendants appeal from that order.

Defendants are the executors of the last will and testament of Lillie M. Carter (hereinafter referred to as Miss Carter), deceased. Plaintiff is the aunt of C. W. Carter and of Miss Carter, who were brother and sister. In 1920 Carter gave to Miss Carter 30 shares of stock in the Carter-Mayhew Manufacturing Company. He also gave ten shares of said stock to plaintiff under practically the same respective conditions as were the shares given to Miss Carter. Shortly after such gifts of stock each donee made a will in favor of the other in accordance with Carter's desires, as hereinafter set forth.

The stock proved very valuable. Within two years a 60 per cent stock dividend was declared; and thereafter other dividends, including cash dividends, were declared. In February, 1928, Miss

Carter sold her stock at a price aggregating $275 a share and used the proceeds in the purchase of stock in a new corporation (Carter-Strite Manufacturing Company) formed by her brother, and in other investments, which she held at the time of her death. The property which came into the hands of the defendants as executors consisted of a certain note for $11,000 in Miss Carter's favor secured by a real estate mortgage; 305 shares of stock in the Carter-Strite Company; 375 shares of Rand United Mining Company; certain real estate in California evidenced by a deed to Miss Carter; a note for $270 and $375 in cash. This property represented the unspent proceeds and accumulations from the original 30 shares of stock issued to her. This change in the form of investments does not affect the situation here.

The will of which defendants are executors by its terms disposed of that property by giving a life estate in certain shares of stock to one Nora Spillman, by directing the satisfaction and surrender of the $11,000 note and mortgage to the makers thereof, and by giving to plaintiff the income from the residue of the estate during her natural life. The will further provided that the residue and remainder of the estate should, upon the death of plaintiff, go to certain designated beneficiaries.

In the first action the court made findings in which it was stated:

"5. That on or about the 23rd day of October, 1920, C. W. Carter, being then and there a brother of said decedent, Lillie M. Carter, and a nephew of the plaintiff, Mrs. Anna T. Mowry, caused to be issued to and in the name of said Lillie M. Carter thirty shares of the capital stock of the Carter-Mayhew Manufacturing Company and delivered the certificate representing said thirty shares of stock to the said Lillie M. Carter as a gift, upon the following verbal understanding and arrangement then and there had and made by said C. W. Carter with said Lillie M. Carter, that the said Lillie M. Carter should have the control, use and income of said stock for her support during her lifetime and, if there were any of the earnings or of the principal, or accumulations thereof left upon the death of said Lillie M. Carter that such remainder should go to Mrs.

Anna T. Mowry, the plaintiff herein, for her use during her lifetime and that upon the death of said Mrs. Anna T. Mowry whatever remained of said stock or the accumulations thereof, interest, dividends or principal, should go to the children of said C. W. Carter; that as part of said arrangement it was suggested by C. W. Carter that Lillie M. Carter might make her will in accordance with said arrangement."

As conclusions of law the court found:

"That since the plaintiff in this action and proceedings seeks to enforce specifically her claim under the arrangement and understanding made by and between C. W. Carter and Lillie M. Carter at the time the said thirty shares of stock were issued and delivered to said Lillie M. Carter, the same being in the nature of a remainder to plaintiff limited upon the life estate of Lillie M. Carter in and to said stock and the earnings, income and accumulations thereof, and since said arrangement rests wholly in parol, the plaintiff is not entitled to recover in this action the property hereinbefore described, and that the plaintiff take nothing by her complaint herein and that the same be and is hereby dismissed, and that defendants have and recover of plaintiff their costs and disbursements herein."

The claim of appellants that the findings of fact hereinbefore quoted did not have sufficient support in the evidence is not well taken. There was testimony by Mr. Carter, his wife, and plaintiff as to the arrangements which were made at the time Carter gave the stock to his sister and aunt. There was no dispute as to what was said, intended, or done.

Defendants urge that there was no privity between plaintiff and Carter and that therefore she had no cause of action; that she is a mere volunteer because no consideration passed from her to decedent and that there was no legal obligation or duty resting upon Carter to make provision for her. Carter testified that he told his sister:

"I told my sister that both she and my aunt had rendered services to the family that I thought should be recognized, and that I pro-

484

posed to transfer to each of them stock of the Carter-Mayhew Company, * * *, and that the earnings from this stock should be used by my sister for her support and if there was any of the earnings or the principal left at her death that the remainder should go to my aunt, Mrs. Mowry, and I also said to her that I intended to also transfer some stock to my aunt, and that in case of the death of my aunt prior to her death, then my aunt would be told to transfer her stock to my sister, one to the other, whichever one died first, or the proceeds of the stock. And my sister in reply said that she would follow those instructions."

There is here not only a consideration predicated upon a near relationship, but also an acknowledged consideration due for services rendered. This was sufficient to entitle plaintiff to maintain her action. Clark v. Clark, 164 Minn. 201, 204 N. W. 936, and cases cited; Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618; Peterson v. Parviainen, 174 Minn. 297, 219 N. W. 180; Kuske v. Jevne, 174 Minn. 484, 219 N. W. 766.

As indicated by one of the judges in his memorandum, Miss Carter, either ignorantly or dishonestly, betrayed her brother's confidence. The same intent, in a lesser degree, may be ascribed to plaintiff, for she made a second will, in which she attempted to create a life estate in her husband in the proceeds received from the sale of her ten shares of stock, contrary to Carter's wishes and the verbal arrangement.

The first case involved an attempt to create by parol a remainder in plaintiff of the 30 shares of stock and the proceeds thereof. The district court had jurisdiction. It was rightly held that a remainder could not thus lawfully be created. There is no statute in this state relative to the matter; therefore the common law rule must be followed. Congdon v. Congdon, 160 Minn. 343, 200 N. W. 76. Rigors of the ancient common law have yielded to changed conditions, and now a remainder in personalty may be created by written instruments. However, a remainder in personalty cannot be created by parol. 23 R. C. L. p. 496, § 26; 21 C. J. p. 1044; Williams v. Thornton, 160 Tenn. 229, 22 S. W. (2d) 1041.

In the second case it was correctly held that the remainder having failed there was a reversion of the property to Carter and that as he had by proper conveyances transferred it to plaintiff she could successfully maintain her action. There are here no intervening rights of creditors or persons having the equities of innocent purchasers. Manifest justice to the owner of the property (Carter), who parted with it upon conditions which were not fulfilled, requires a reversion to him. A reversion was here created by operation of law.

The causes of action in the two cases are not the same, though they involve the same parties and the same property. In the first plaintiff relied on a remainder attempted to be created by parol; in the second reliance was had on proper conveyances from the person to whom the property had reverted—an after-acquired title. The two actions, of course, could not be established by the same evidence. The judgment in the first action was not an estoppel against the cause of action set forth in the second. West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412, and cases cited.

Carter testified on part of plaintiff in the first action, stating just exactly what was done, what the parties were attempting to do. He made no claim of ownership or any property interest in himself. He simply stated what the facts were, showing that he intended to create a remainder in plaintiff by parol, not knowing what that term meant. It afterwards appearing that this could not be done, he had a right to give plaintiff the property that had reverted to him, and plaintiff had a right to accept it. There was no estoppel by conduct against either of them. North Ave. B. & L. Assn. v. Huber, 286 Ill. 375, 121 N. E. 721. Judge Waite was sound in his conclusion that there was no mistake of fact disclosed in the first action—there was simply a mistake in law on the part of Carter and plaintiff as to what had been accomplished. Defendants were not injured or prejudiced in any way thereby.

The answer in the second action of necessity admitted many of the allegations of the complaint therein. As to those which were traversed by the general denial, Judge Waite correctly stated:

"Are the specific findings of Judge Rue in the former case conclusive in this? Every material fact that could be litigated in this case, should it come to trial, was litigated in that. With the same plaintiff, the same defendants, the same property in dispute, the same relief sought, no issuable facts that were not in issue and determined before, it would be absurd to hold that the whole matter must now be gone into again when plaintiff predicates her title on a new and undisputed fact, and on a theory of the law which she did not and could not present on the facts as they existed when the former action was tried."

The answer was properly stricken.

We have carefully considered all assignments of error in both cases and the able arguments of counsel. We find no grounds for reversal in either case.

Judgment and order affirmed.

*STONE, Justice,* took no part.