ROBERT J. O'NEIL AND ANOTHER v. R. .G. RUEB.[1]

May 28, 1943.

No. 33,464.

*Levine & Levine,* for appellant.
*Walter P. Wolfe,* for respondents.

YOUNGDAHL, JUSTICE.

Defendant appeals from a judgment for plaintiffs in the sum of $188.95.

It appears that between October 24, 1934, and September 14, 1935, the J. C. Irwin Manufacturing Company, a corporation, furnished to defendant at an agreed price of $493.40 certain services, labor, and material consisting of dies, jigs, and fixtures for making and producing chalk holders, a "gadget" patented by defendant's wife and used to mark perforations on materials and to measure cloth.

[1]Reported in 10 N. W. (2d) 363.

In 1939 plaintiffs, a copartnership, by purchase and assignment, took over the business of the J. C. Irwin Manufacturing Company. Included in the assets of the corporation so assigned was the account of defendant, with an unpaid balance of $225. Thereafter, defendant made certain payments to plaintiffs on his account and reduced his indebtedness to $155.

In March 1940 plaintiffs brought an action in municipal court to recover this balance of $155. On the trial of the case the court submitted but one issue to the jury, to-wit: whether a binding agreement had been entered into between plaintiffs and defendant whereby defendant agreed to make monthly payments to plaintiffs in the sum of $10; and, if the jury so found, then the verdict should be for defendant, since at the time of bringing the action defendant was not delinquent in making regular $10 monthly payments. The jury found that such an agreement had been made and consequently found for defendant.

After March 1940 defendant made no further monthly payments to plaintiffs, who allowed sufficient time to elapse so that all installments in the total sum of $155 were due and owing. Plaintiffs then brought this action to recover the delinquent balance of $155.

Defendant contends that, inasmuch as plaintiffs have once sued on this indebtedness, with a verdict for defendant, the matter is *res judicata* and that they are not entitled to maintain the present suit. Plaintiffs urge that the former action was not tried on its merits, and therefore that this suit is properly brought. Defendant also asserts that the account was not his obligation but that of his wife. His assignments of error raise these two issues on this appeal.

■ The first question for determination is whether the trial court correctly concluded that the judgment in the former action was not an adjudication of the issue here involved and did not estop plaintiffs from maintaining this action.

The rule is well settled that a judgment on the merits constitutes an absolute bar to a second suit for the same cause of action and is conclusive between the parties and their privies. Melady-Briggs

Cattle Corp. v. Drovers State Bank, 213 Minn. 304, 6 N. W. (2d) 454; Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412. In determining whether the former judgment was rendered on the merits, the record of the earlier action will be examined. Przyblyski v. Pellowski, 141 Minn. 193, 169 N. W. 707; Fox v. Fox, 154 Minn. 169, 191 N. W. 420; Melady-Briggs Cattle Corp. v. Drovers State Bank, *supra;* City of Vicksburg v. Henson, 231 U. S. 259, 34 S. Ct. 95, 58 L. ed. 209; United S. M. Corp. v. United States, 258 U. S. 451, 42 S. Ct. 363, 66 L. ed. 708; Oklahoma v. Texas, 272 U. S. 21, 47 S. Ct. 9, 71 L. ed. 145.

It is equally well settled that where a former judgment is set up as a bar plaintiff may avoid an estoppel by showing that a particular matter involved in the prior litigation was distinctly withdrawn, abandoned, ruled out, or withheld from the consideration of the jury so that it constituted no part of the verdict or judgment rendered thereon. Mowry v. Thompson, 189 Minn. 479, 250 N. W. 52; Fox v. Fox, *supra;* Major v. Owen, 126 Minn. 1, 147 N. W. 662, Ann. Cas. 1915D, 589; Ross v. Amiret Farmers Elev. Co. 178 Minn. 93, 226 N. W. 417; 30 Am. Jur., Judgments, p. 927, § 181; 2 Black, Judgments (2 ed.) p. 946, § 620; 34 C. J., Judgments, pp. 776, 825, §§ 1194, 1238.

From an examination of the record in the prior trial it is clear that the merits of the case were neither considered nor submitted to the jury for its determination. There was only one issue involved, namely, whether an oral arrangement had been entered into between the parties under which defendant could pay the account in installments of $10 per month. The jury was instructed that that was the only issue for their determination. The court submitted the issue in the following language:

"The whole proposition is this: It is admitted that at the time this suit was instituted there was a balance in favor of the plaintiff and against the defendant for $155. * * * The only question is, whether on March 29, 1940, whether $155 was payable at that time; whether prior to that, in the fall of 1939, this defendant and this

plaintiff had an agreement that the balance that was then due should be paid at the rate of $10 per month. * * * Was there an agreement as to the balance of this account? If you think there was an agreement, then you should find for the defendant. If you think there was not, then you should find for the plaintiffs and fix their damages in the sum of $155. * * * Might I say, if you find for the defendant it would not release the defendant from his obligation if he had one. The only question, was it timely—was the suit brought too early?"

By its verdict for defendant the jury found that there was such an agreement. Obviously, it would be a perversion of justice to hold that under such circumstances plaintiffs are estopped from suing on the account after the time limitation involved in the oral agreement is no longer an obstacle. As said in Fox v. Fox, 154 Minn. 174, 191 N. W. 422:

"It would be a perversion of the res judicata rule to hold that a judgment is a bar to a subsequent action to recover upon a claim which neither court nor jury has ever considered or determined on the merits."

We hold, therefore, that plaintiffs were not estopped by the judgment or verdict in the prior action from asserting their rights in this suit.

■ Defendant urges that his wife, and not himself, is obligated on the account. The evidence, in our opinion, amply sustains the court's finding that defendant personally ordered the work done. It is significant that at the first trial defendant did not raise this issue. The only question there presented was that the action was prematurely brought. The amount of the indebtedness and defendant's liability therefor were apparently conceded. He now takes a position entirely inconsistent with that asserted at the first trial by claiming that his wife ordered the materials and service and that she alone can be held accountable for the debt. Defendant did not testify nor offer any explanation of plaintiffs' exhibits E, F, and G, which were letters written by defendant to plaintiffs indi-

cating his interest in and liability on the account. These facts and circumstances, together with the other evidence bearing on this issue, were clearly sufficient to justify the court's findings holding defendant responsible for payment of the account.

Affirmed.