Robert C. BRYSON, Appellant,

v.

GUARANTEE RESERVE LIFE IN-SURANCE COMPANY, Appellee.

No. 75–1122.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1975.

Decided July 30, 1975.

William R. Mills, Bismarck, N. D., for appellant.

William P. Pearce, Bismarck, N. D., for appellee.

Before GIBSON, Chief Judge, WEBSTER, Circuit Judge, and DEVITT, Chief District Judge.*

GIBSON, Chief Judge.

Robert C. Bryson, a former general agent for Guarantee Reserve Life Insurance Co. (Guarantee), brought this action against Guarantee to recover renewal commissions allegedly due him on Stockmen's Reserve Life Insurance Co. policies assumed and reinsured by the defendant. The instant suit was commenced September 23, 1968. Proceedings were suspended in 1970 pending a trial in North Dakota state court involving a similar claim for commissions against Guarantee by Stockmen's Insurance Agency, Inc. The North Dakota case did not terminate until October, 1974. *Stockmen's Insurance Agency, Inc. v. Guarantee Reserve Life Insurance Co.*, 217 N.W.2d 455 (N.D.), *cert. denied*, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 108 (1974) [hereinafter cited as *Stockmen's v. Guarantee*]. Guarantee then filed a motion to dismiss this case relying upon the *res judicata* effect of the North Dakota Supreme Court decision. The motion was granted by the trial court and Bryson brings this appeal.

The question to be determined upon this appeal is whether the trial court erred in dismissing Bryson's complaint upon the basis of the *res judicata* effect of the North Dakota Supreme Court decision.[1] Based upon the limited record

* The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota, sitting by designation.

1. There is also a question as to whether Bryson adequately pled a cause of action against Guarantee for wrongful termination of his agency contract with Guarantee. Our examination of the pleadings satisfies us that no cause of action based upon an alleged wrongful termination was pled. In light of our remand in this case, Bryson may, if he thinks he has a cause of action for wrongful termination, request leave to amend from the trial court.

before the trial court and upon appeal,[2] we hold it was error to give the decision in *Stockmen's v. Guarantee, supra, res judicata* effect. The facts and issues involved have been made to appear so complex that perhaps a full understanding can only be attained by the parties. However, we have attempted to untie this Gordian knot enough to satisfy ourselves that the possible *res judicata* effect of the state decision cannot be determined on this record.

Stockmen's Insurance Agency, Inc. (Stockmen's) was incorporated in North Dakota in 1959. In 1960 Stockmen's formed a subsidiary, Stockmen's Health Mutual Ins. Co. (Mutual), as an income producing vehicle. Bryson was agency director for Stockmen's or Mutual[3] and also apparently had a general agency of his own selling Mutual policies. Stockmen's in December, 1961, organized Stockmen's Reserve Life Insurance Co. (Reserve) employing the same sales structure set up by Mutual. The three Stockmen's companies (Stockmen's, Mutual and Reserve) had interlocking boards of directors. In June, 1962, Reserve began assuming Mutual's insurance contracts in order to phase out Mutual's operations.

Reserve began experiencing financial difficulties and in anticipation of imminent problems with the State Insurance Commissioner sold its book of business to Guarantee by a Contract of Reinsurance and Assumption dated July 27, 1963. This case and the state case arose over Guarantee's refusal to pay renewal commissions on the business assumed from Reserve. Guarantee apparently agreed with the North Dakota State Insurance Commissioner to pay renewal commissions on Reserve policies so long as the agent entitled to the commission was employed as an agent by Guarantee and there is no claim that this agreement was not fulfilled.

The dispute arises because of the commission contracts agents had with Mutual and Reserve before the business was assumed by Guarantee. These unwritten agreements apparently provided that an agent would be entitled to renewal commissions[4] for a period equal to his service as an agent; thus if he served as an agent for three years he would receive a renewal commission for three additional years. After 5 years of service the right to renewal commissions would vest in the agent. As is obvious from the foregoing history of Mutual and Reserve, the combined existence of these companies did not total 5 years.

█ It is Bryson's claim in this lawsuit that Guarantee is obligated to pay him renewal commissions on Mutual and Reserve policies in accordance with his compensation agreements with Mutual and Reserve and based upon the Contract of Reinsurance and Assumption, and that since his combined service as an agent for Mutual, Reserve and Guarantee exceeded 5 years at his termination by Guarantee on September 7, 1965, he is entitled to these renewal commissions for his lifetime. Guarantee claims the decision in *Stockmen's v. Guarantee* is *res judicata* as to this claim.[5] We disa-

---

**2.** The record on appeal consists only of the complaint, answer, Guarantee's motion to dismiss, the reported decision of the North Dakota Supreme Court in *Stockmen's v. Guarantee, supra,* and the trial court's order dismissing Bryson's complaint with prejudice.

**3.** As noted in the North Dakota Supreme Court opinion:

The evidence is far from clear whether Bryson was hired by Stockmen's or Mutual, but in any event Bryson organized Mutual's sales structure in North Dakota.

*Stockmen's v. Guarantee,* 217 N.W.2d 455, 458 (N.D.), *cert. denied,* 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 108 (1974).

**4.** The renewal commissions contemplated were 15% of the annual premiums with 10% being due the writing agent and a 5% override to the general agent.

**5.** Guarantee contends that its only obligation to pay commissions is predicated upon paragraph 7 of the Contract of Reinsurance and Assumption which provides:

7. No liability, debt or obligation of (Reserve) is assumed by Guarantee * * * under this contract other than the liability to policyholders, certificate holders and beneficiaries of the insurance policies hereinabove specifically assumed, *except as to commissions to agents, as provided for in connec-*

gree but would emphasize that our disagreement is not meant to conclude this issue upon remand.

■ The burden of proof is upon the party asserting a claim of *res judicata. National Lead Co. v. Nulsen,* 131 F.2d 51, 56 (8th Cir. 1942), *cert. denied,* 318 U.S. 758, 63 S.Ct. 533, 87 L.Ed. 1131 (1943); *Knutson v. Ekren,* 72 N.D. 118, 122, 5 N.W.2d 74, 77 (1942). "Controlling factual identities, for purposes of *res judicata,* must be clearly shown and cannot rest upon mere assertion or speculation." *Leicht v. Commissioner,* 137 F.2d 433, 436 (8th Cir. 1943). In a federal court "the judgment of a state court will be accorded the same but no greater effect as *res judicata* than would be given to it by the courts of the state in which it was rendered." *National Lead Co. v. Nulsen, supra* at 56.

■ Application of the doctrine of *res judicata* requires a showing that there has been a previous action between the same parties involving the same subject matter in which a final judgment on the merits has been rendered with respect to the same cause of action. *Rhodes v. Jones,* 351 F.2d 884, 886 (8th Cir. 1965), *cert. denied,* 383 U.S. 919, 86 S.Ct. 914, 15 L.Ed.2d 673 (1966); 1B *Moore's Federal Practice* ¶ 0.401 (2d ed. 1974); *Restatement of Judgments* § 43(a) (1942).

■ Guarantee argues that the North Dakota Supreme Court decision constitutes *prima facie* proof of these elements placing the burden upon Bryson to introduce evidence showing the contrary, relying upon 46 *Am.Jur.2d* Judgments

§ 604 (1969). It is, however, the general rule that a party who wishes to avail himself of a prior judgment as *res judicata* must introduce the whole record of the prior proceeding. 46 *Am.Jur.2d* Judgments § 600 (1969). The difficulty with Guarantee's position herein lies not with whether the whole record is always required to be introduced but with the necessity in this case for the whole record in order to determine whether the causes of action are identical and the identity of the parties.

■ The *res judicata* effect of a prior judgment is limited to the same cause of action. 1B *Moore's Federal Practice* ¶ 0.410[1] (2d ed. 1974). Bryson's cause of action in this case is for renewal commissions allegedly due him from Guarantee. *Stockmen's v. Guarantee, supra,* was a suit by Stockmen's to recover commissions on all policies assumed by Guarantee, from which it would remit to the other agents according to their status as writing or general agents. The fact that both actions seek renewal commissions from Guarantee does not establish that it is the same cause of action. As noted by the North Dakota Supreme Court:

> [T]he plaintiff [Stockmen's], to recover agent's commissions and to justify its demand for an accounting, must do so *in its own right* as established *by its own agency contract* with Mutual, and must further prove that such agency contract was assumed by Reserve and then in turn by the defendant.

*Stockmen's v. Guarantee, supra* at 461. (Emphasis supplied.)

---

tion with existing written contracts. (Emphasis supplied.)
It argues that the emphasized language establishes that its obligations are limited only to those agents having a written agency contract. This argument was accepted in dictum by the North Dakota Supreme Court, it specifically prefacing its comments, "[p]urely by way of comment, for what already has been said is decisive of this action." *Stockmen's v. Guarantee, supra* at 463. Unless, of course, the *res judicata* effect of the state decision is established Bryson can attempt to persuade the trial court differently. Guarantee knew there were

no written agency contracts at the time it executed the Contract of Reinsurance and Assumption and thus it contends that it promised to do nothing. We would also note its position would be stronger had the language been "as provided for in existing written contracts." The use of "in connection with" lends credence to Bryson's claim that existing written contracts refers to insurance contracts and not agency contracts. Guarantee apparently wrote the Reinsurance and Assumption agreement and any ambiguity in its terms should be resolved against Guarantee.

This, it was held, Stockmen's failed to do. It was further noted by the court that:

> [T]his is not a proceeding instituted by the individual writing agents or the seven agents possessing the powers of general agents[.]

*Stockmen's v. Guarantee, supra* at 461.

It would seem clear that without evidence establishing Bryson's relationship to Stockmen's the presence or absence of a general agent's contract relating to Stockmen's is not determinative of the presence or absence of a general agent's contract concerning Bryson. Bryson did allege in his complaint that:

> Stockmen's had a contract in the nature of a business production or exclusive general agency contract with Stockmen's Insurance Agency, Inc., a corporation, under which contract the plaintiff had organized his subagency.

Guarantee thus argues that Bryson is a subagent and is seeking to recover derivatively through Stockmen's the identical commissions sought in the state suit. We are unsure from this record, and it must be borne in mind that Guarantee carries the burden of proof as to whether the causes of action are identical. Bryson does allege in his complaint that he was a general agent of Reserve. With the cautionary language of the North Dakota Supreme Court indicating that its decision was not as to the individual writing agents or the seven agents possessing the powers of general agents and the admission by Guarantee that Bryson had been engaged by Reserve as an agent for the production of

insurance business, the trial court could not have properly concluded on this record that there was an identity of causes of action in the two suits.

Moreover, unless it be established that Bryson was a party or in privity with Stockmen's in the state court litigation an identity of causes of action would not suffice to foreclose his claim. 1B *Moore's Federal Practice* ¶¶ 0.401, 0.411[1] (2d ed. 1974). Even if his claim depends upon the existence of a contract between Stockmen's and Mutual he would be free to relitigate the question of the existence of such a contract unless such privity had been established.[6]

So far as the record discloses, Bryson's only participation in the state court litigation was as a witness. As recognized by Guarantee, since Bryson was not a party of record in the state case his relationship to Stockmen's must be scrutinized to determine whether he can be considered to be in privity with Stockmen's.[7] Whether or not a person is in privity with a party to a prior suit "must be determined as a matter of substance and not of mere form. The essential consideration is that it is the right of the [same person], and of no one else, which was presented and adjudicated in both courts." *Chicago, R.I. & P. Ry. v. Schendel*, 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); 1B *Moore's Federal Practice* ¶ 0.411[1] at 1253 (2d ed. 1974). The record before us will not support a determination of privity.[8]

We find that the record before the trial court will not support the application of *res judicata* principles to Bryson's

---

**6.** In *Haman v. Guarantee Reserve Life Insurance Co.*, 287 F.Supp. 688, 689 (D.N.D.1968), an action by former agents of Mutual, the court found:

> In early 1960 Stockmen's Agency had an exclusive agency contract with Stockmen's Health Mutual Insurance Company (Stockmen's Health) under which the agency was to sell policies written by the insurance company and to manage its affairs and finances. (Footnote omitted.)

**7.** His relationship with Stockmen's was apparently unclear even to the North Dakota Su-

preme Court which had the whole record. See note 3, *supra*.

**8.** In this regard it would be incongruous, at the least, to use Bryson's participation as a witness in the state court litigation to establish privity with Stockmen's when it appears to have been his testimony that in large measure contributed to the state court's determination that Stockmen's was not a general agent of Reserve. *Stockmen's v. Guarantee, supra* at 462.

claim, being deficient in establishing both the identical nature of the causes of action and parties or their privies to the state case. It may well appear upon further proceedings that Guarantee can establish the *res judicata* effect of the state court decision. Our holding is only that they have failed to do so at the present time. The judgment of the District Court is reversed and the cause remanded for further proceedings consistent with this opinion.