James T. **HEBRINK**, Appellant,

v.

**FARM BUREAU LIFE INSURANCE COMPANY, et al., Respondents.**

No. C9–02–2189.

Court of Appeals of Minnesota.

July 8, 2003.

Brandon Vaughn Lawhead, Lawhead Law Offices, Austin, MN, for appellant.

Scott B. Lundquist, Minneapolis, MN, for respondents.

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and HALBROOKS, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges the district court's sua sponte grant of summary judgment in favor of respondent. Appellant argues that the district court erred in (1) granting summary judgment on respondent's disguised and improperly noticed motion for summary judgment; (2) holding that the policy definition of "physicians" was unambiguous; and (3) barring evidence that the agent negligently assisted appellant in completing the disability insurance application. Because respondent's motion in limine, requesting that the court bar evidence regarding appellant's treatment by a physician, was actually a motion for summary judgment, and the district court abused its discretion in excluding all evi-

dence regarding the agent's alleged negligence, we reverse and remand.

## FACTS

Appellant James T. Hebrink purchased a disability-insurance policy from Stanley S. Thompson, an insurance agent for respondent Farm Bureau Life Insurance Company, on June 10, 1999. Thompson filled out the application as appellant gave him the information. According to appellant, he informed Thompson that he had received prior chiropractic treatment, but Thompson told him that this information was not sought in the application. Appellant signed the application and Farm Bureau issued the policy.

On August 31, 1999, appellant was injured while working on a cement project on his driveway. Appellant went to see Dr. M.O. Reeve, a chiropractor, on September 3, 1999. Dr. Reeve later referred appellant to the Mayo Clinic, where he was diagnosed as having "a right S–1 radiculopathy resulting in considerable pain and mild weakness, which did not resolve with an extensive period of maximal conservative therapy." As a result, appellant underwent surgery on April 5, 2000. Appellant was released the following day and was once again placed in the care of Dr. Reeve.

In March 2000, appellant made a claim under his insurance policy. Appellant's chiropractor submitted a physician's statement to Farm Bureau, indicating that appellant had also been treated for back problems in November of 1998, but that his problem had resolved in four treatments. Based on this disclosure, Farm Bureau cancelled appellant's policy. Specifically, Farm Bureau asserted that appellant failed to disclose his prior back problems, and that had he done so, no policy would have been issued.

On June 25, 2001, appellant served Farm Bureau with a complaint, alleging breach of contract and negligence by its agent. In its answer, Farm Bureau denied all claims. Farm Bureau claimed that there was no breach of contract because appellant made material misrepresentations on the application by failing to reveal a pre-existing condition. The answer did not assert that appellant failed to establish he was "totally disabled" because he was not under the care of a "physician" for 90 days.

A pretrial conference was held on August 7, 2002. On August 12, 2002, Farm Bureau filed a motion in limine, requesting that the district court bar (1) appellant from submitting any testimony relating to "total disability" within the meaning of the policy definition because it was undisputed that appellant had not been under the care of a physician for more that 90 days, and (2) all evidence relating to negligence of the insurance agent because the alleged negligence, if any, did not proximately cause appellant's damages.

On the scheduled trial date, August 19, 2002, the district court considered and granted Farm Bureau's motion in limine, barring evidence on "total disability" and negligence of the agent. Ultimately, the district court granted summary judgment, sua sponte, explaining as follows:

> Given the clear understanding that chiropractors are not permitted to practice medicine while physicians are in the state of Minnesota, the Court finds as a matter of law no ambiguity exists in the definition "physician" as stated in the Farm Bureau's Insurance policy issued to [appellant]. Based upon this finding, [appellant] is unable to prove he complied with the 90 and 120 day policy requirement for treatment by a physician. The court's decision, therefore, becomes a final determination on Plain-

tiff's cause of action. A judgment of dismissal will be entered.

This appeal followed.

## ISSUES

I. Did the district court err in granting summary judgment, sua sponte, in favor of respondent?

II. Did the district court abuse its discretion in barring appellant from introducing evidence regarding the insurance agent's alleged negligence?

III. Should this court accept appellant's "offer of proof?"

## ANALYSIS

### I.

On appeal from summary judgment, we ask whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Also, we "view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

Farm Bureau submitted a motion in limine seeking to bar appellant from submitting any testimony relating to "total disability" within the meaning of the policy, because it was undisputed that appellant had not been under the care of a physician for more than 90 days. The district court found, apparently as a matter of law, that a chiropractor is not a physician, so appellant cannot prove that he was treated by a physician for more than 90 days and ordered summary judgment, sua sponte.

Appellant argues that Farm Bureau's motion in limine was, in reality, a summary-judgment motion, that he was not given a fair opportunity to oppose the motion, and that the motion improperly raised a new defense.

Farm Bureau moved in limine for an order

> barring the plaintiff from submitting any testimony relating to "total disability" within the meaning [of] the policy definition *because it is undisputed that plaintiff was not under the care of [a] physician [for] more than 90 days* [.]

(Emphasis added.) In its memorandum of law in support of the motion, Farm Bureau supported its request by noting:

> [Appellant] does not intend to introduce any evidence from Dr. Lynch regarding disability. The only evidence is limited to the medical records and objective facts themselves. The evidence establishes the entire disability occurred within the ninety day waiting period and thus no benefits would be payable under the policy.

The purpose of a motion in limine is to prevent "injection into trial of matters which are irrelevant, inadmissible and prejudicial." *Black's Law Dictionary* 1013 (6th ed.1991). Here, there is no reference in either the motion in limine or the memorandum in support of the motion to any rules of evidence or other authority that would make the evidence regarding "total disability" inadmissible. Nor did Farm Bureau argue that the evidence would be irrelevant or prejudicial. Instead, the gist of Farm Bureau's motion was that the evidence regarding "total disability" should be excluded because appellant could not prove that he met the policy condition by relying on evidence then in the record. This was not a proper motion in limine but, rather, was tantamount to a motion for summary judgment. *Cf. Fabio,* 504 N.W.2d at 761 (stating that a summary-judgment motion must be granted "when the pleadings, depositions, answers to interrogatories, and admissions on file, to-

gether with the affidavits, if any show that there is no genuine issues of material fact and either party is entitled to a judgment as a matter of law").

Because Farm Bureau's motion in limine functioned as a motion for summary judgment, compliance with Rule 56.03 of the Minnesota Rules of Civil Procedure and Rule 115.03 of the General Rules of Practice of District Court was required. *See* Minn. R. Civ. P. 56.03 (stating that summary judgment motions shall comply with the notice requirements of Rule 115.03 of the General Rules of Practice of the District Courts); Minn. R. Gen. Pract. 115.03(a) (setting the notice requirements for dispositive motions). Rule 115.03(a) provides that no dispositive motion shall be heard unless the moving party serves proper notice and the specified documents on opposing party at least 28 days prior to the scheduled hearing. Minn. R. Gen. Pract. 115.03(a). Rule 56.03 of the Minnesota Rules of Civil Procedure · provides that summary-judgment motions shall be governed by Minn. R. Gen. Pract. 115.03, but that "in no event shall the motion be served less than 10 days before the time fixed for the hearing." Minn. R. Civ. P. 56.03. Absent a clear waiver by the adversary, the time-period requirements of rule 56.03 are mandatory. *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 278–79, 230 N.W.2d 588, 591 (1975).

Farm Bureau filed the motion only seven days before the trial date, and there is no evidence in the record indicating that appellant waived the notice requirement. Farm Bureau's motion was improperly noticed and should not have been considered by the district court.

Notwithstanding this fact, we recognize that there are times when the district court has the authority to grant summary judgment, sua sponte. The district court has the authority to grant sum-

mary judgment, sua sponte, when (a) no genuine issues of material fact remain, (b) one of the parties deserves judgment as a matter of law, and (c) the absence ·of a formal motion creates no prejudice to the party against whom summary judgment is granted. *Id.* at 280–81, 230 N.W.2d at 591–92; *Modern Heating & Air Conditioning, Inc. v. Loop Belden Porter,* 493 N.W.2d 296, 299 (Minn.App.1992). The district court, however, must afford the adverse party a meaningful opportunity to oppose such an action. *Fed. Land Bank of St. Paul v. Obermoller,* 429 N.W.2d 251, 255 (Minn.App.1988), *review denied* (Minn. Oct. 26, 1988).

This court concluded that an adverse party had a "meaningful opportunity" to oppose summary judgment where

> [t]he court gave the parties notice at the motions hearing that it would consider the issue of invalidity of the contract, and gave the parties 18 days to submit briefs on the issue.

*Septran, Inc. v. Indep. Sch. Dist. No. 271,* 555 N.W.2d 915, 921 (Minn.App.1996), *review denied* (Minn. Feb. 26, 1997). But, here, there is no evidence in the record that indicates appellant knew on the day of trial that he was expected to address a potential summary-judgment motion on the length of time under a physician's care. While "meaningful opportunity" may vary depending on the circumstances in the in-. dividual case, when appellant had only seven-days' notice of a miscaptioned motion we conclude that appellant was not given a meaningful opportunity to oppose summary judgment. "Prejudice is unavoidable when a trial court denies any opportunity to marshal evidence in opposition to a basis for summary judgment raised sua sponte." *Doe v. Brainerd Int'l. Raceway, Inc.,* 514 N.W.2d 811, 822 (Minn.App.1994), *rev'd on other grounds,* 533 N.W.2d 617

(Minn.1995). Therefore, the district court erred in granting summary judgment, even if it is characterized as granted sua sponte, rather than on Farm Bureau's motion.

We reverse and remand this matter for further proceedings not inconsistent with this opinion. Further, in light of this instruction, we need not address here appellant's claim that Farm Bureau improperly raised a new defense when it argued that appellant was not treated by a "physician" for the required time under the policy or determine whether the district court erred in concluding that the term "physician" was unambiguous.

## II.

■ Appellant next argues that the district court erred in barring evidence regarding the insurance agent's negligence. Absent an erroneous interpretation of the law, the question of whether to admit or exclude evidence is within the district court's discretion. *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45–46 (Minn.1997).

The district court granted Farm Bureau's motion to exclude all evidence regarding the agent's negligence, concluding that "[m]ere filling in of information prior to [Appellant]'s signature of the application is not an actionable tort." The court further added that even if a scrivener's error occurred, it was superseded by appellant's affirmation of the application by his signature. We disagree.

■ The district court misconstrued the grounds for appellant's negligence claim, which is not based on the agent's role as a mere scrivener. Rather, appellant alleges that the agent negligently misrepresented what must be disclosed in the application. Appellant also alleges that he informed the agent of his prior chiropractic care, but the agent told him that this information was not sought in the application, and that the policy was canceled specifically because this prior care was not disclosed in the application. The question is whether the facts alleged by appellant could, as a matter of law, support a claim of negligent misrepresentation. We conclude that appellant has made a colorable claim of negligent misrepresentation.

■ "The standard of care for an insurance agent is to perform at the level of skill of a reasonably prudent person in the insurance business." *Gabrielson v. Warnemunde*, 443 N.W.2d 540, 545 (Minn. 1989). In defining the tort of negligent misrepresentation, the Second Restatement of Torts explains as follows:

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1) (1977); *see Bonhiver v. Graff*, 311 Minn. 111, 122, 248 N.W.2d 291, 298–99 (1976) (adopting the restatement's definition of negligent misrepresentation).

■ Appellant argues, in essence, that a reasonably prudent insurance agent should know what information is required in an application for insurance, especially if that information may affect coverage. It is not the role of this court to determine whether the facts as alleged by appellant are true. *See In re Welfare of M.D.O.*, 462 N.W.2d 370, 374–75 (Minn.1990) (stating that the role of an appellate court is to correct errors, not find facts). While appellant still bears the burden of proving

his claim, based on the very limited record before us, we hold that the facts alleged by appellant support a claim for negligent misrepresentation that, if proven to be true, could result in liability. *See Florenzano v. Olson,* 387 N.W.2d 168, 174 (Minn. 1986) (stating that "[a] misrepresentation is made negligently when the misrepresented has not * * * communicated certain information that the ordinary person in his or her position would have discovered or communicated"). Therefore, the district court abused its discretion in barring all evidence regarding the insurance agent's alleged negligence after erroneously concluding that as a matter of law the facts did not give rise to an actionable tort.

## III.

As a final matter, we address appellant's motion to this court. After briefing was completed, appellant filed a motion to accept an "offer of proof," in the form of a letter, dated February 12, 2003, from Dr. W. Richard Marsh at the Mayo Clinic indicating that appellant "has been under our care ever since surgery on an as-needed basis."

An appellate court may not base its decision on matters outside the record on appeal and may not consider matters not produced and received in evidence at the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988). Under a limited exception to this rule, however, this court may consider new documentary evidence of a conclusive, uncontroverted nature, which supports the district court's decision. *In re Livingood,* 594 N.W.2d 889, 896 (Minn.1999).

Appellant's motion does not cite any authority for acceptance of his "offer of proof" on appeal. In addition, the requirements of the limited exception to the prohibition against appellate admission of new evidence are not met here, because the letter is offered for the purpose of reversing the district court. Finally, appellant has not established that the document is conclusive or uncontroverted. Accordingly, we deny the motion.

## DECISION

The district court abused its discretion in granting summary judgment, sua sponte, without providing appellant a "meaningful opportunity" to oppose the summary-judgment motion. Because the facts as alleged by appellant, if proven, support a claim for negligent misrepresentation, the district court erred in precluding all evidence regarding the insurance agent's alleged negligence on the grounds that the facts would not give rise to an actionable tort.

**Reversed and remanded; motion denied.**