*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0784**

In the Matter of the Petition of Prime Security Bank
For a New Certificate of Title After Mortgage Foreclosure

**Filed March 2, 2015
Affirmed
Peterson, Judge**

Carver County District Court
File No. 10-CV-13-1146

Christopher P. Parrington, Alissa N. Mitchell, Foley & Mansfield, PLLP, Minneapolis, Minnesota (for respondent Prime Security Bank)

Jeramie R. Steinert, Minneapolis, Minnesota (for appellants)

Considered and decided by Larkin, Presiding Judge; Peterson, Judge; and Hudson, Judge.

## U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

In this appeal from two orders issued in a proceeding subsequent for issuance of a new certificate of title to registered property, appellants argue that the district court erred by (1) concluding that their claims were barred under the doctrine of res judicata, (2) ordering the removal of two memorials from the certificate of title that were not included in respondent's petition, and (3) refusing to hold an evidentiary hearing. We affirm.

# FACTS

Appellant Mavis Hartman and her daughter, appellant Maul Lee Hartman, entered into a contract for deed to purchase registered real property in Carver County from Brian J. Smith and Jennifer Smith. Mavis Hartman's husband, appellant Roger Hartman, joined Mavis Hartman, Maul Lee Hartman, and the Smiths in executing a mortgage on the property in favor of respondent Prime Security Bank. Later, the mortgage was modified, the contract for deed was modified to make it subject to the mortgage, and the contract for deed was assigned to respondent. Documents reflecting all of these actions were registered as memorials on the certificate of title along with documents that reflected other interests in the property.

Respondent foreclosed the mortgage by action and purchased the property at the sheriff's sale in February 2009. Appellants failed to exercise their right of redemption. Appellants brought two lawsuits related to the property and filed two notices of lis pendens, which were registered as memorials on the certificate of title. The first notice of lis pendens involved a lawsuit filed in Carver County District Court that was not brought to trial within two years of February 9, 2010, the date the notice was filed. The second notice of lis pendens was based on a lawsuit against respondent and others that appellants filed in federal district court alleging equitable and fraud claims and violations of state and federal consumer-protection and mortgage laws. The federal district court granted summary judgment in favor of respondent on one claim and dismissed other claims, and a jury found for respondent on the remaining claims. The federal district court entered judgment. Appellants challenged the summary judgment and the dismissal of claims, and

2

in August 2013, the Eighth Circuit Court of Appeals affirmed the judgment of the district court.

In October 2013, respondent petitioned the state district court requesting an order directing the registrar of titles to cancel the existing certificate of title and issue a new certificate of title free from all but six of the existing memorials. Respondent did not request removal of the two lis pendens memorials. The examiner of titles reported to the district court that respondent should submit additional proof and that, upon compliance and a hearing, respondent is entitled to an order of the court granting the petition. The district court issued an order to show cause to all parties with an interest in the property, including appellants, and set a hearing for January 15, 2014, to consider objections to issuance of a new certificate of title.

Appellants appeared at the hearing and objected to the issuance of a new certificate of title. The district court gave appellants 15 days to respond to respondent's petition and indicated that it would review the submissions to determine whether a contested hearing was necessary. On January 31, 2014, appellants submitted an answer that raised the same claims that were heard by the federal district court in the action for which appellants filed the second notice of lis pendens, including violation of the Truth in Lending Act (TILA), a request for a declaratory judgment that the contract for deed with the Smiths was an equitable mortgage, state law claims under Minn. Stat. § 56.18 (2014), and a demand for rescission of the mortgage.[1]

---

[1] An earlier opinion of this court indicates that appellants' federal court complaint included claims under TILA, the Home Owner Equity Protection Act, the Foreclosure

3

On February 6, 2014, the district court issued two orders. In the first order, the court ruled that appellants' objections were insufficient to support a contested hearing on the petition because the issues had been previously determined in state and federal court. In the second order, the court granted respondent's petition for issuance of a new certificate of title. Appellants challenge both orders.

## D E C I S I O N

This proceeding subsequent to an initial registration of property is governed by Minn. Stat. § 508.71 (2014). Under that section, an owner of registered property or other person in interest may petition the district court for amendment of a certificate of title or issuance of a new certificate upon several grounds, and the district court *may* order these changes to be made. *Id.*, subd. 2. Because the statute states that the district court "may" issue an order, the district court's actions are discretionary and our review is for an abuse of discretion. *See* Minn. Stat. § 645.44, subd. 15 (2014) (stating that when used in statute, "'[m]ay' is permissive" unless another intention clearly appears). The district court makes its decision based on a preponderance of the evidence. *In re Mortg. Elec. Registration Sys., Inc.*, 835 N.W.2d 487, 493 (Minn. App. 2013).[2]

---

Consultant Act, the Foreclosure Purchaser Statute, the Consumer Fraud Act, the Uniform Deceptive Trade Practices Act, as well as equity and fraud claims and claims of violations of state mortgage laws. *Prime Sec. Bank v. Hartman*, No. A11-1753, 2012 WL 3263785, at *2 (Minn. App. Aug. 13, 2012), *review denied* (Minn. Oct. 16, 2012).

[2] Respondent argues that appellants do not have standing to challenge the petition for a new certificate of title because they no longer have an ownership interest in the property. Section 508.71 requires notice to "all parties in interest, as determined by the examiner of titles." *Id.*, subd. 2. The examiner required respondent to give notice to appellants as parties in interest. Because we conclude that appellants' claims are barred under the doctrine of res judicata, we decline to address standing.

4

**I.**

The district court held that appellants' objections were "insufficient to delay this proceeding, let alone support a dismissal of the Petition for issuance of a new certificate of title" because "[t]he legal and factual issues raised have been the subjects of prior proceedings in State and Federal courts, with rulings in favor of [respondent]. These proceedings are res judicata to the same arguments being advanced by [appellants] in this matter." Appellants argue that the doctrine of res judicata does not apply because the record does not support it.

Res judicata is a claims-preclusion doctrine. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). Under the doctrine, "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Id.* (quotation omitted). "[R]es judicata prevents either party from relitigating claims arising from the original circumstances, even under new legal theories." *Id.* Res judicata applies to all claims actually litigated and all claims that could have been litigated in an earlier action. *Id.* at 840; *see Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013) (stating that res judicata bars a party from bringing repetitive suits involving claims that were either litigated in a previous action or could have been raised in a previous action).

"Application of res judicata to preclude a claim is a question of law that we review de novo." *Hauschildt*, 686 N.W.2d at 840. To determine whether res judicata bars a claim, a court considers whether (1) an earlier claim involved the same factual circumstances; (2) the same parties or their privies were involved in the earlier claim;

5

(3) there was a final judgment on the merits; and (4) the party against whom the doctrine is applied had a "full and fair opportunity to litigate the matter." *Id.*

Citing *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979), *Bryson v. Guarantee Reserve Life Ins. Co.*, 520 F. 2d 563, 566 (8th Cir. 1975), and *O'Neil v. Rueb*, 215 Minn. 296, 298, 10 N.W.2d 363, 364 (1943), appellants argue that because respondent failed to introduce the whole record of the prior proceeding, the record in this proceeding is insufficient to apply res judicata. We disagree.

In *Lasky*, defendants who were indicted for mail fraud sought dismissal of the indictment because an earlier administrative proceeding against them that involved obtaining money through the mail by means of false representations had been dismissed. 600 F.2d at 767-68. Despite repeated requests by the court, defendants failed to produce any record of the matters presented in the administrative hearing. The federal appellate court concluded that production of the order of dismissal was not sufficient to sustain defendants' burden of proving "what issues were decided in [their] favor at the prior trial." *Id.* at 768-69.

In *Bryson*, the party seeking to rely on res judicata did not provide the court with enough information to show that the parties or the causes of action were identical; without a more complete record, the court was unable to determine whether res judicata applied. 520 F.2d at 566-68. And in *O'Neil*, the supreme court determined that a prior action was not a bar to a second action when the first action "was distinctly withdrawn, abandoned, ruled out, or withheld from consideration of the jury so that it constituted no part of the verdict or judgment rendered thereon." 215 Minn. at 298, 10 N.W.2d at 364.

Unlike *Lasky*, respondent produced a detailed appellate opinion that included a thorough discussion of the matters before the federal court, rather than a simple order of dismissal.  Unlike *Bryson*, the parties here are the same parties that appeared before the federal court, and appellants' answer filed in this proceeding repeats the allegations set forth in the Eighth Circuit's opinion, which was submitted to the district court.  Finally, unlike *O'Neil*, appellants' former action was not withdrawn, abandoned, ruled out, or withheld from a jury: the federal court granted summary judgment to respondent and dismissed several of appellants' claims, and, after a jury verdict, entered judgment in favor of respondent on the remaining claims.  This record is adequate for our review of whether res judicata applies.

Appellants challenge all four res judicata elements.  First, they argue that respondent failed to show proof of a final judgment on the merits in the previous action.  Appellants rely on *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 514 (8th Cir. 1999), *McCarney v. Ford Motor Co.*, 657 F.2d 230, 234 (8th Cir. 1981), and *Goldberger v. Kaplan, Strangis & Kaplan*, *P.A.*, 534 N.W.2d 734, 736 (Minn. App. 1995), *review denied* (Minn. Sept. 28, 1995), for the proposition that dismissal for lack of standing is not a judgment on the merits.  All three cases were dismissed early in the proceedings because the parties lacked standing to bring a cause of action.

In appellants' case, the federal district court granted summary judgment on the TILA rescission claim upon concluding that Mavis and Roger Hartman lacked standing as to that claim because Mavis Hartman had quitclaimed her interest in the property to Maul Lee Hartman.  Appellants asked for reconsideration and raised for the first time the

7

issue of whether the quitclaim deed was effective to transfer an interest in property without the signatures of both spouses in light of the homestead law, Minn. Stat. § 507.02 (2014). The federal district court held that the quitclaim deed was effective to transfer an interest in the property because Roger Hartman had full knowledge of the deed and consented to the transfer. Thereafter, the federal district court solicited briefing on the issue of whether the Hartmans retained an ownership interest in the property and held a hearing on the issue. After the hearing, the federal district court determined that the Hartmans did not have the ownership required for a right of rescission under TILA and dismissed the TILA damages and rescission claims. Appellants' remaining claims were considered by a jury, which issued a verdict adverse to appellants. The district court's finding that there was a final judgment on the merits in the federal court action is supported by the evidence.

Second, appellants argue that respondent failed to show that the same cause of action is involved. But the issue here is whether res judicata applies.

> Res judicata, also known as 'claims preclusion,' while based on the same principle as collateral estoppel, is the broader of the two and applies more generally to a set of circumstances giving rise to entire claims or lawsuits. Once there is an adjudication of a dispute between parties, res judicata prevents either party from relitigating claims arising from the original circumstances, even under new legal theories.

*Id.* "Whereas collateral estoppel concerns issues that were actually litigated, determined, and were essential in a prior action, res judicata concerns circumstances giving rise to a claim and precludes subsequent litigation—regardless of whether a particular issue or legal theory was actually litigated." *Id.* at 840. Res judicata bars not only claims that

8

were actually litigated but also claims that could have been litigated in the prior action. *Id.* A court must determine if the same factual circumstances were involved, not whether a certain issue was litigated. *Id.* The record demonstrates that the same factual circumstances that provided the basis for the earlier federal court action are also the basis for appellants' opposition to the petition for a new certificate of title. Thus, the record supports this element of the res judicata doctrine.

Third, appellants argue that respondent failed to show that the parties are identical or are in privity with the parties in the prior action. Appellants argue that the record is devoid of information about whether appellants acted "in the same capacity and represented the same legal right in both proceedings." The federal opinion case caption lists appellants in their individual capacities as plaintiffs and respondent as defendant. Appellants' answer to the order to show cause filed in this action describes appellants in their individual capacities and in opposition to respondent. A preponderance of the evidence supports the district court's finding that the parties are the same.

Finally, appellants argue that respondent failed to show that appellants had a full and fair opportunity to litigate the matter. The federal district court opinion sets forth the procedural history of the federal court case, which includes motions, hearings, briefings, and a jury trial, confirming that appellants had a full opportunity to litigate their case. This is a sufficient basis for the district court's finding that this element of res judicata was satisfied.

The larger issue here is whether the district court abused its discretion by ordering the registrar to issue a new certificate of title. An abuse of discretion occurs when the

court's ruling reflects an erroneous view of the law or is against logic or facts in the record. *City of North Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011). An appellate court reviews the district court's findings under the preponderance-of-evidence standard. *In re Mortg. Elec. Registration Sys.,* 835 N.W.2d at 493. This record is sufficient to support the district court's findings by a preponderance of the evidence, and the findings support the district court's conclusion that appellants' claims are barred by res judicata and that respondent demonstrated that issuance of a new certificate of title was proper. The district court did not abuse its discretion by ordering the issuance of a new certificate of title.

**II.**

Appellants argue that the district court erred by sua sponte ordering that the two lis pendens memorials should not be carried forward on the new certificate of title because respondent did not request this in its petition. Appellants contend that the district court did not follow the statutory procedure that requires a verified petition setting forth the petitioner's requests.

The district court has authority to "hear and determine the petition" after notice is given to the appropriate parties, and "may order the entry of a new certificate of title, the entry, amendment, or cancellation of a memorial upon a certificate of title, or grant any other relief upon the terms . . . as it may consider proper." Minn. Stat. § 508.71, subd. 2. Appellants correctly assert that a district court must follow the statute when it "specifies the procedure necessary to take some action regarding registered land." *Phillips v. Dolphin*, 776 N.W.2d 755, 758 (Minn. App. 2009), *review denied* (Minn. Mar. 16, 2010).

But in *Phillips*, the district court sought to correct a boundary line that had been determined in arbitration by issuing an order confirming the arbitrator's award, rather than by complying with the registration statute. *Id.* at 756. Here, in the course of reviewing a verified petition concerning all but six memorials, the district court received evidence that the two lis pendens memorials no longer had any force or effect: one involved an action that was not brought to trial within two years after filing the lis pendens[3] and the other involved the federal court action that had been decided adversely to appellants. Under these circumstances, where the relief granted was supported by the evidence submitted to the court, the district court had discretion to grant relief encompassed generally within the terms of respondent's petition.

### III.

Appellants argue that the district court erred by refusing to hold an evidentiary hearing. During the initial appearance in the proceeding subsequent, the district court gave appellants 15 days to file a response to the order to show cause. Appellants' attorney asked that the matter thereafter be set for a contested hearing. The district court indicated that it would review the parties' submissions and determine whether there was a need for an evidentiary hearing. In its February 6 order, the district court stated that appellants' response was insufficient to delay the proceeding, "much less support a dismissal of the Petition for issuance of a new certificate of title." The district court noted that appellants had raised the same arguments before in state and federal court and

---

[3]Under Minn. Stat. § 557.02 (2014), when an action in which title to real property is involved or affected has not been brought to trial within two years after the filing of the lis pendens, the lis pendens shall be void and of no force nor effect.

that "[t]here is nothing to be gained legally by holding any further contested proceedings on the Petition or opposition to the same."

In proceedings subsequent to initial registration, "where the answer raises an issue which is not disposed of by stipulation *or otherwise*, the matter shall be set for trial." Minn. R. Gen. Pract. 210 (emphasis added). Appellants argue that their answer raised issues that had not been disposed of by stipulation and that "the pleadings clearly show contested issues." But the district court determined that the doctrine of res judicata barred further proceedings on the same set of claims arising out of the same factual circumstances. Thus, issues raised in the answer were disposed of not by stipulation but "otherwise," by claim preclusion.

Appellants argue that they were prejudiced by the lack of opportunity to contest the allegations of the petition, citing *Hebrink v. Farm Bureau Life Ins. Co.*, for the proposition that "[p]rejudice is unavoidable when a trial court denies any opportunity to marshal evidence in opposition to a basis for summary judgment raised sua sponte." 664 N.W.2d 414, 419 (Minn. App. 2003) (quotation omitted). But the basis for the district court's summary disposal of this matter without a hearing is that appellants already had a full and meaningful opportunity to assert the claims they sought to raise again in their answer. In *Hebrink,* this court recognized that there are times when "[t]he district court has the authority to grant summary judgment, sua sponte, when (a) no genuine issues of material fact remain, (b) one of the parties deserves judgment as a matter of law, and (c) the absence of a formal motion creates no prejudice to the party against whom summary judgment is granted." *Id.* Although appellants argue that they were prejudiced,

12

they have been permitted to air their grievances in both state and federal court, and continuing to contest these matters is futile.

**Affirmed.**